ANNIE J. BRADLEY *vs.* BAY STATE STREET RAILWAY COMPANY.
ELMER E. BRADLEY *vs.* SAME.

Essex.   November 19, 1918. — January 3, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Negligence,* Contributory.

A woman, who, before the enactment of St. 1914, c. 553, walked slowly across a street railway track in front of a moving street railway car that she had seen forty feet away and which she could have seen was very near her before she walked in front of it, and was injured by being knocked down by the car, cannot maintain an action against the corporation operating the car for her injuries.

TWO ACTIONS OF TORT, the first by a married woman for personal injuries sustained on April 26, 1913, by being knocked down by a street railway car of the defendant when the plaintiff was attempting to cross Washington Street in Haverhill at its junction with Washington Square in that city, and the second action by the husband of the plaintiff in the first case for expenses incurred by reason of her injuries.  Writs dated August 2, 1913.

In the Superior Court the cases were tried together before *Bell,* J.  The evidence upon the question of the due care of the plaintiff in the first case is described in the opinion.  At the close of the evidence the defendant filed a motion asking the judge to order a verdict for it on the grounds that there was no evidence that negligence of the defendant was a contributory cause of the accident and that there was no evidence that the plaintiff in the first case was in the exercise of due care at the time of the accident.  The judge denied the motion and submitted the cases to the jury, who returned a verdict for the plaintiff in each case, in the first case in the sum of $600 and in the second case in the sum of $400.  The defendant alleged exceptions.

The cases were submitted on briefs.

*J. P. Sweeney, I. W. Sargent & A. Sweeney,* for the defendant.

*W. S. Peters, H. J. Cole & F. H. Magison,* for the plaintiffs.

PIERCE, J.   We are of opinion that the plaintiff in the first case was not in the exercise of due care.

As concerns her conduct the facts are as follows: At about ten o'clock P. M. April 26, 1913, the plaintiff, with her sister-in-law, stood on the south side of Washington Street, Haverhill, in front of the Hotel Thorndike, at or near the crossing, waiting for a car going east on which the sister-in-law intended to be a passenger. Two cars came from the west going east on the southerly track, and came to a stop so that the rear end of the forward car was on the easterly side of the crossing and the forward end of the rear car was on the westerly side of the crossing. The two ladies then left the sidewalk and proceeded on the crossing until near the southerly rail, when the plaintiff's companion went to the rear of the rear car, the plaintiff waiting until her companion was putting her foot up on the rear platform of the car. Meanwhile the forward car had started away from the crossing, and the plaintiff looked down the street and saw the car that subsequently struck her standing, or moving from the east, just beyond the switch which was distant one hundred feet easterly from the crossing. The plaintiff then started to walk along the crossing in front of the rear car. When she started she stood close to the southerly rail, and the distance between that point and the southerly rail of the west bound track was about nine feet and seven inches. She passed in front of the rear car, over a space of four feet and ten inches between the tracks, and was struck by a west bound car when she reached the middle of that track. When the plaintiff passed in front of the rear car, the car that struck her was distant from the crossing "forty feet down the street." She did not look at the car after she saw it beyond the switch or pay any further attention to it after she stopped to walk slowly over the crossing which led over the west bound track. With the passing of the forward east bound car there was no obstruction to the view of the plaintiff, and she could have seen that the car was very near her before she walked in front of it. The case is governed by *O'Brien* v. *Boston Elevated Railway,* 217 Mass. 130, *Adams* v. *Boston Elevated Railway,* 219 Mass. 515, *Garabedian* v. *Worcester Consolidated Street Railway,* 225 Mass. 65, 66, and cases cited.

It becomes unnecessary to determine whether the defendant was negligent.

Judgment to be entered for the defendant.   St. 1909, c. 236, § 1.

*So ordered.*