JOHN W. SULLIVAN *vs.* HENRY D. CHADWICK.

Hampden.   February 24, 1920. — June 9, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Negligence,* Imputed, Due care of child, In use of highway.   *Parent and Child.*
*Evidence,* Presumptions and burden of proof.

Although a boy three years and nine months of age, who lives with his father and
mother, a younger child and his mother's mother in a house upon a city street
sixty feet in width, which formed the main avenue between populous cities and
over which passed one hundred motor vehicles each hour and the street cars of
seven different lines upon double tracks, is bright and careful in his habit of
crossing a street, it must be presumed as a matter of law that he does not possess
sufficient discretion to exercise due care of himself; and if his parents permit
him to leave home unattended and to look out for himself for two or three hours,
during which time he is injured by being run into by a motor car, they must as
a matter of law be found to have been negligent.

The child above described, in an action against the driver of the motor car to
recover for the injuries so received, is not aided, with respect to the care exer-
cised by his parents, by the provisions of St. 1914, c. 553.

A child of tender years is not precluded from recovery in an action for personal
injuries by reason of the facts that, because of his age, he did not possess
sufficient intelligence to exercise due care for his own safety and that, when in-
jured, he was unattended upon a highway by reason of negligence of his parents,
if his conduct showed that he was in the exercise of the care required of an
ordinarily prudent adult person under the circumstances.

If a boy three years and nine months of age leaves a sidewalk in a city twenty feet
from the end of a bridge one hundred feet long at a point where by an abutment of
the bridge he is hidden from the view of vehicles approaching from the other end
of the bridge, and runs or "jogs" into the street only a few feet in front of an
approaching motor car, which runs into and injures him, he must be found not
to have been in the exercise of the due care required of an ordinarily prudent
adult person under the circumstances, and, where it further appears that he
was upon the highway unattended by reason of negligence of his parents, he is
precluded from recovery for his injuries.

Where, in an action of tort for personal injuries, upon a view of the evidence most
favorable to the plaintiff, a finding must be made that the plaintiff was negligent,
the plaintiff is not aided by the provisions of St. 1914, c. 553, and a verdict
should be ordered for the defendant.

TORT for personal injuries suffered on May 10, 1917, by a boy
then three years and nine months of age, when he was run into
at the easterly end of the Plainfield Street bridge in Springfield

by a motor car driven by the defendant. Writ dated August 10, 1917.

In the Superior Court the action was tried before *Callahan*, J. Material evidence is described in the opinion. The defendant requested the following rulings of law:

"1. Upon all the evidence the plaintiff cannot recover.

"2. In order to recover against the defendant, the plaintiff must maintain the burden of proof of the proposition that he was in the exercise of due care.

"3. There is no presumption that the person in charge of the plaintiff at the time of the accident was in the exercise of due care.

"4. St. 1914, c. 553, raises no presumption that the plaintiff was in the exercise of due care at the time of the accident.

"5. If the plaintiff, unmindful of his safety, ran from the sidewalk to the Plainfield Street bridge directly in the path of the defendant's automobile and was injured, he was negligent and cannot recover.

"6. Unless the plaintiff was of sufficient age, capacity and intelligence to be properly permitted by his parents to cross such a street as Plainfield Street alone, he cannot recover.

"7. If the plaintiff was of sufficient age, capacity and intelligence to be properly permitted to cross such a street as Plainfield Street alone, he was bound to take some active precaution for his safety in so crossing.

"8. If the plaintiff took no active precautions for his safety in crossing Plainfield Street, he cannot recover.

"9. There is no evidence that the plaintiff took any precautions for his own safety in crossing Plainfield Street."

The judge refused the first, second, fourth and ninth rulings requested, gave the third and sixth rulings as requested, and as to the fifth, seventh and eighth rulings, charged the jury in substance as follows:

"Now, what is the rule of law as to his [the plaintiff's] care in that situation? It is, what I stated some time ago, this: He must be in the exercise of that degree of care which a child of his age, his experience, his intelligence, and his alertness would exercise if he found himself in the same situation, confronted by a similar peril.

"And on that issue you are first to determine all the facts of the

accident itself. How did it happen? How did the boy leave the sidewalk in order to cross the street? Where was he going? Was he on his way to his own home on Birnie Avenue? If he was, he had a right to cross the street for the purpose of going to his home on Plainfield Street. How did he enter the street itself as distinguished from the sidewalk? Did he run or did he jog along? I have forgotten what the testimony was on that point. What do you say about it? And if he did, was that in and of itself a negligent act on the part of a child of his age, experience and intelligence? You are to say.

"Ordinarily for an adult to run out upon a highway without looking one way or the other to see whether vehicles were coming would be negligence, which would preclude him from recovering. That is not necessarily so, as a matter of law, in the case of a child of this age, experience and intelligence. It is a question of fact for you to determine.

"Now, what would you say was the duty of that child, measuring his duty from his age and experience and his intelligence, as he undertook to cross that street? In running out in that way, if he ran as claimed by the defendant, was it the negligent act of such a child, or was it in the circumstances a careful act? Was the boy, in that particular situation, in that particular place, doing that which a child of his years would think to be a prudent thing, to run quickly across the street to go to his home? . . .

"Now, if the boy, merely because he wished to get home quickly, was wholly unmindful of his safety, then he failed to use such intelligence and prudence as in his few years he had acquired, and he cannot recover. In other words, in order to recover, while the law does not hold him up to the obligation of proving that he exercised the degree of care that an adult would exercise, it does hold him up to prove that he exercised such care as his own age, experience and intelligence committed him to. If he did not actually use such intelligence and experience and alertness as he had already acquired, and was unmindful of his safety, he may not recover."

The jury found for the plaintiff in the sum of $500, and the judge reported the case to this court with the statement: "If my rulings were right, judgment is to be entered on the verdict; otherwise, judgment is to be entered for the defendant."

The case was submitted on briefs.

*S. Adams,* for the defendant.

*T. A. McDonnell & F. I. Gallagher,* for the plaintiff.

RUGG, C. J. This is an action of tort to recover compensation for personal injuries sustained at about three o'clock in the afternoon of May 10, 1917, by the plaintiff then three years and nine months old, on a public highway in Springfield by reason of collision with an automobile owned and driven by the defendant.

The judge ruled that there was no evidence that the child was in the care of any person at the time and that he was on the highway unattended by any person. The father of the plaintiff testified that when he left home at noon on the day of the accident the plaintiff was there, "that he did not know when the boy left home nor when his wife left home if she did leave; that the boy had gone away at previous times, 'where we didn't know;' that he had gone away alone; that he would not say he wandered away because he wandered back; that he knew where he was going and knew the way back; that he went and came alone without saying anything to anybody; that at several times before the accident the plaintiff had been tied up to make him stay at home, but that this was not a common occurrence." At the close of the plaintiff's evidence his counsel stated that he "was going to stand on the plaintiff's own due care." The case must be considered on the footing that there was no one in charge of him at the time of the accident.

The father of the plaintiff testified also that the boy had been to the house of relatives in West Springfield and knew the way to it himself as well as the way over Plainfield Street and back and had been there before alone, that the boy had been on the street with him very much; that he knew what automobiles were and was afraid of them, "that he always watched for them when they went to cross the street together, 'He would always hold me back before I stepped off the curb to look up and down.'" Another witness testified that the plaintiff was a fairly well developed boy and rather bright and intelligent. The father of the plaintiff further testified that he lived on Plainfield Street, where were two trolley tracks over which ran seven different lines of cars, five on fifteen minute time and two on twenty minute time; that it is sixty feet in width and "is the main avenue between Springfield on the east and West Springfield, Holyoke and Westfield on the

west; that possibly a hundred automobiles passed over it in an hour; that many automobiles passed over it all the while; that in addition trucks and drays and horse drawn vehicles were passing over it all the while." The family consisted of the father, the mother, another younger child, and the mother's mother, who assisted in the duties of the household.

It seems plain under these circumstances that the parents of the plaintiff were negligent in permitting him to be away from home unattended and with his whereabouts unknown for two or three hours. The boy, although bright and careful in his habit about crossing a street, was quite too young and immature to be trusted alone to look out for himself for that length of time in the many emergencies which inevitably confront a pedestrian upon a street like that where he lived. It must be presumed that the child did not possess sufficient discretion to exercise due care and that the parents were negligent in omitting oversight over him for so long a time under the conditions here disclosed. Although many cases have arisen involving the care required of children on the public ways, it never has been suggested that a child only three years and nine months old could be possessed of sufficient judgment to be alone upon such a street as that here shown for a period of two or three hours. The *prima facie* evidence of negligence of parents which has been said in many cases to arise from the presence of a young child upon a busy street is not met at all by explanatory evidence in the case at bar. *Casey* v. *Smith,* 152 Mass. 294. *Cotter* v. *Lynn & Boston Railroad,* 180 Mass. 145. *Slattery* v. *O'Connell,* 153 Mass. 94. *Gibbons* v. *Williams,* 135 Mass. 333. *Wright* v. *Malden & Melrose Railroad,* 4 Allen, 283. *Grant* v. *Fitchburg,* 160 Mass. 16. Nothing in the condition of the family created any exigency justifying such conduct on their part. See *Butler* v. *New York, New Haven, & Hartford Railroad,* 177 Mass. 191, 193. The plaintiff with respect to the care exercised by his parents is not aided by St. 1914, c. 553. *Bullard* v. *Boston Elevated Railway,* 226 Mass. 262.

This, however, is not conclusive against the rights of the plaintiff. The child may still exercise the care required of ordinarily prudent adult persons under the circumstances, and if he does, he is not precluded from recovery It was said in *Wiswell* v. *Doyle,* 160 Mass 42, at page 43, "When a child is too young to

have any intelligence or discretion in regard to taking care of itself in a public street, and when it has carelessly been allowed to go there unattended, still while upon the street it may have done nothing which would be deemed dangerous or lacking in due care, provided its movements had been directed by an adult person of reasonable and ordinary prudence in charge of it, and yet it may have been hurt through the carelessness of another person. Under such circumstances, it may recover damages for the injury." *Collins* v. *South Boston Railroad,* 142 Mass. 301. *Miller* v. *Flash Chemical Co.* 230 Mass. 419.

The accident occurred near the easterly end of the bridge, whereby Plainfield Street, at this point running a little north of west, is carried over north and south tracks of the Boston and Maine Railroad. The bridge is a concrete structure having a length of one hundred feet and a width of sixty-six feet. It is said in the record that "On either side of it are sidewalks for pedestrians about seven feet wide, on the outside of each of which are concrete fences three feet ten inches high. On the inside of each sidewalk and between that and the portion of the bridge reserved for vehicular traffic are concrete abutments twenty-one inches wide and six feet ten and one half inches high at their ends and rising by an arch to seven feet five and one half inches in height in the centre. A similar abutment divides the portions of the bridge which are reserved for vehicular traffic. The portions of the bridge reserved for vehicular traffic are two in number, one on either side of the centre abutment, and are each twenty-three feet nine inches wide. The bridge carries two trolley tracks each near the centre abutment. . . . Fulton Street, which runs north and south on the easterly side of the Boston and Maine Railroad tracks, joins Plainfield Street from the south about fifteen feet easterly of the easterly end of the bridge. Birnie Avenue, which runs north from Plainfield Street, joins that street about fifteen feet easterly of the northeasterly corner of the bridge. The distance from the southeasterly corner of the bridge to the easterly curbing of Fulton Street is about one hundred feet. Plainfield Street descends abruptly from the bridge on its westerly side, and an automobile approaching the bridge from that side is not discernible to a pedestrian on the easterly end of the bridge until it is nearly upon the bridge itself."

The evidence must be considered in its aspect most favorable

to the plaintiff. So far as concerns the occurrence of the accident, it came wholly from one Sauter, the driver of a coal wagon, who was called by the plaintiff and who appears to have been the only eyewitness called except the defendant and his wife. The testimony of the two latter is disregarded because if believed it showed the plaintiff to have been negligent. Sauter was on his wagon driving westerly on Plainfield Street toward the bridge from fifty to one hundred feet easterly of the place where the boy was struck, and was in plain sight of the accident and its immediate surroundings. He testified that he noticed no other vehicles on the street; that the bridge is approached from the east by an up grade, but not by a steep grade; "that he saw the defendant's automobile coming toward him on the right hand side of the bridge coming to Springfield; that while it was on the bridge and until it reached the corner of Fulton Street its speed was about twenty miles an hour; that he first saw the plaintiff standing on the walk near the fence on the end of the bridge; that while the automobile was still on the bridge the boy started to run across the street; that when the boy got into the street the automobile was still on the bridge; that the plaintiff was struck and knocked down by the front part of the automobile when he was in the street and about halfway between the sidewalk and the car track; . . . that at the time of the accident he [the witness] was seventy-five or one hundred feet easterly of the bridge; that he saw the boy, who was alone on the southerly sidewalk; that he saw the boy run right out into the street; that he wouldn't say that he ran out; that he jogged right across; that he did run right into the street; that he ran right across; that the concrete abutment between the part of the bridge used for east bound vehicles and the east bound sidewalk might be from a foot to two feet wide and six or seven feet tall; that the boy was standing near the fence at the end of the bridge railing southerly of the concrete abutment; that the boy simply ran out into the street and was struck; that the abutment hides the view of the sidewalk from a person coming east with a vehicle; that a person coming east on the bridge with a vehicle could not see a person on the sidewalk; that the accident occurred about ten or twenty feet from the easterly end of the bridge."

It is plain under these circumstances that the plaintiff did not exercise the due care of an adult. In order to recover he must

exercise that degree of care under the cases already cited. All the circumstances are revealed. The witness Sauter called by the plaintiff was nearby and was looking from a direction not far from that of the plaintiff and where the whole situation was within his field of vision. The plaintiff went into the path of an obvious danger, voluntarily and not under any constraint for instant action. *Hayes* v. *Norcross,* 162 Mass. 546. *Swetzoff* v. *O'Brien,* 226 Mass. 438. *Kyle* v. *Boston Elevated Railway,* 215 Mass. 260. *Bradley* v. *Bay State Street Railway,* 231 Mass. 572. *Mills* v. *Powers,* 216 Mass. 36. The case is unlike *Dowd* v. *Tighe,* 209 Mass. 464, where the plaintiff was in charge of an elder sister, who might have been found to have been careful.

The case is not saved for the plaintiff by St. 1914, c. 553. The facts here are fully disclosed. Nothing is left to presumption. In the view most favorable to the plaintiff they show that the only rational inference is that the due care of an adult was not exercised by him. The indisputable facts are susceptible of no explanation consistent with such prudence. The accident would not have happened if common caution had been exercised. *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, and cases collected at page 379. *Pigeon* v. *Massachusetts Northeastern Street Railway,* 230 Mass. 392, 396. The case is distinguishable on this point from *Mercier* v. *Union Street Railway,* 230 Mass. 397; *S. C.* 234 Mass. 85. For one, hidden from the view of other travellers by a bridge abutment, to run or "jog" into a city street only a few feet in front of an approaching automobile under the circumstances here disclosed, is an act which the common judgment of mankind must pronounce careless. *Godfrey* v. *Boston Elevated Railway,* 215 Mass. 432. *Kelley* v. *Boston & Northern Street Railway,* 223 Mass. 449.

In accordance with the terms of the report, the entry must be

*Judgment for the defendant.*