MABEL COLDIRON, administratrix, *vs.* WORCESTER
CONSOLIDATED STREET RAILWAY COMPANY.

Worcester.    September 22, 1925. — October 15, 1925.

Present; RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence,* Due care of custodian of child, Imputed.

At the trial of an action by an administrator against a street railway
company under G. L. c. 229, § 3, for causing the death of the plaintiff's
intestate, a boy three years and ten months of age, who was run over
by a street car of the defendant due to the alleged negligence of the
defendant's employee, there was evidence that the boy had been in
the habit of playing in an enclosed yard of a tenement house on the
third floor of which he lived with his mother; that five minutes before
the accident his mother had seen him playing there and then had gone
to his room to pick up his toys; that in the meantime the boy had gone
to the defendant's tracks and when struck was sitting there and piling
up dirt and sand.    Negligence of the defendant's motorman was con-
ceded.    *Held,* that
    (1) The boy was presumed to be incapable of exercising care for
himself;
    (2) The evidence did not warrant a finding that the boy was exercis-
ing the due care of an adult in the circumstances;
    (3) While the burden of proving the mother's due care was on the
plaintiff, the evidence warranted a finding that such burden was
sustained;
    (4) The mother's temporary absence from watching the child did not
as a matter of law preclude a finding of due care on her part.

TORT for damages due to conscious suffering and the death
of the plaintiff's intestate, William Newell, alleged to have
been caused by negligence of the defendant.    Writ dated
August 30, 1922.

In the Superior Court, the action was tried before *Flynn,* J.
Material evidence is described in the opinion.    At the close
of the evidence, the judge ordered a verdict for the defendant
on the count for conscious suffering.    He denied a motion
for a verdict for the defendant on the count for causing
death.    There was a verdict for the plaintiff on that count
in the sum of $1,000.    The defendant alleged exceptions.

*C. C. Milton,* (*S. B. Milton* with him,) for the defendant.

*L. E. Stockwell,* (*A. G. Bergquist* with him,) for the plaintiff.

SANDERSON, J.  This is an action of tort to recover damages for the death of the plaintiff's intestate, William Newell, a boy three years and ten months old, who died without conscious suffering from injuries received from being run over by a car of the defendant.  The boy lived with the plaintiff, his mother, on the third floor of a three-story building which sets back from Franklin Street in Worcester about one hundred and twenty-five feet and somewhat in the rear of another house.  The tracks are near the center of the street in front of the house.  There is a fence around the whole yard and also between the plaintiff's house and that in front.  The jury could have found that the boy had never gone on the street alone before; that he had been in the habit of playing in the yard and had been there about fifteen minutes before the accident and the mother had looked over the piazza and had seen him there playing five minutes before she received word that he had been killed; that she was then in his room picking up toys; and that just before the accident the child was sitting in the car tracks piling up dirt or sand.  The only exception is to the refusal of the trial judge to allow the defendant's motion for a directed verdict.

It is conceded by the defendant that the jury could have found the motorman negligent.  The child is presumed to be incapable of exercising care for himself.  *Garabedian* v. *Worcester Consolidated Street Railway,* 225 Mass. 65.  *Sullivan* v. *Chadwick,* 236 Mass. 130.  The evidence would not justify the jury in finding that the due care of an adult was being exercised by the child.  *Sullivan* v. *Chadwick, supra.* The only question for decision is whether the evidence justified the finding that the mother was in the exercise of the care required by G. L. c. 229, § 3.  The burden of proving the mother's due care was on the plaintiff.  *Garabedian* v. *Worcester Consolidated Street Railway, supra. Travers* v. *Boston Elevated Railway,* 217 Mass. 188.  The jury may find that a custodian has exercised the care required by the statute in an action for death even though at the moment of the accident she is attending to her other duties.  For a mother to leave her child between three and four years old

in an enclosed yard where he has been accustomed to play without looking at him for five minutes while she is about her household duties, is not inconsistent with a finding that she was in the exercise of the care required by the statute. *Powers* v. *Quincy & Boston Street Railway*, 163 Mass. 5. *Hewitt* v. *Taunton Street Railway*, 167 Mass. 483. *Ingraham* v. *Boston & Northern Street Railway*, 207 Mass. 451.

In the case of *Marchant* v. *Boston & Maine Railroad*, 228 Mass. 472, it appeared that the custodian had abandoned her duty to care for the child, and there was more than a temporary failure to perform it. The facts of that case distinguish it from the case here to be decided. The order denying the motion for a directed verdict was right.

*Exceptions overruled.*