JOSEPH STACHOWICZ, administrator, *vs.* WINCENTY MATERA.

Hampden.    September 23, 1926.— October 19, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Of child, Of person in charge of child, Imputed.  *Evidence,*
   Presumptions and burden of proof.

A child two years and seven months of age is too young to be capable of
   exercising due care in crossing a busy street.

In an action against the driver of a motor vehicle by the administrator
   of the estate of a child of tender years to recover for the child's death,
   alleged to have been caused by negligence of the defendant, if it does
   not appear at the trial that at the time of the accident the child was
   exercising a degree of care which should have been exercised by an
   adult in the circumstances, the burden is upon the plaintiff to prove
   that the person whose duty it was to care for the child was exercising
   a proper degree of attention for the safety of the child; G. L. c. 231,
   § 85, is not applicable.

Where, at such a trial, it appears that, at an hour when there was much
   travel, the mother left the child, a girl, unattended on a main street of a
   village having street car tracks and walked away from her on the
   opposite side of the street, there was no evidence that the mother made
   use of that measure of prudence which the circumstances required, and
   a verdict for the defendant should be ordered.

TORT by the administrator of the estate of Mildred
Stachowicz for negligence causing the death of the plaintiff's
intestate.    Writ dated December 4, 1923.

In the Superior Court, the action was tried before *Whit-
ing,* J.    Material evidence is stated in the opinion.    At the
close of the evidence, the defendant in writing moved that
a verdict be ordered in his favor.    The motion was denied.
The defendant then asked for the following rulings:

"2.    That there is no evidence in the case tending to show
that the defendant was negligent.

"3.    The fact that the plaintiff's decedent, a child of two
years and eight months, was standing in the middle of a
public highway, unattended, between the tracks of the street
railway company is *prima facie* evidence of negligence.

"4.    From all the evidence in the case the parents of the

plaintiff's decedent were guilty of contributory negligence which is imputed to the decedent."

The rulings were refused and there was a verdict for the plaintiff in the sum of $1,000. The defendant alleged exceptions.

The case was submitted on briefs.

*G. W. Gordon*, for the defendant.

*S. Martinelli*, for the plaintiff.

CARROLL, J.   The plaintiff's intestate, Mildred Stachowicz, two years and seven months old, was run over and killed by a motor truck operated by the defendant on Commercial Street, Thorndike, in the town of Palmer, about five o'clock on the afternoon of August 20, 1923.   There was evidence that Commercial Street was the main street of the village; that it was a busy street, with car tracks, and was much travelled at that time of day.

A child of two years and seven months is too young to be capable of exercising due care in crossing a busy street. *Brennan* v. *Standard Oil Co. of New York*, 187 Mass. 376. *Sullivan* v. *Chadwick*, 236 Mass. 130.   *Gallagher* v. *Johnson*, 237 Mass. 455.   The principle stated in *Wiswell* v. *Doyle*, 160 Mass. 42, that, when a child is too young to care for itself on a public highway and is there unattended, if it has done nothing which would be deemed dangerous or lacking in care if its movements had been directed by a person of ordinary prudence and the child is hurt by the negligence of another person, it may recover, has no application to the case at bar.   The plaintiff's intestate made no effort to avoid the approaching automobile, and according to the testimony of an eye witness she ran into the running board "about the middle" and "got its hand almost on the truck," and fell under the truck.

The burden of proof was upon the plaintiff to show that the mother, in whose care, it is contended, the child was at the time, was using a proper degree of attention for the safety of the child. *Sullivan* v. *Chadwick, supra.*   G. L. c. 231, § 85, enacting that contributory negligence on the part of the injured person shall be an affirmative defence, does not help the plaintiff with respect to the care exercised

by the mother. *Sullivan* v. *Chadwick, supra. Bullard* v. *Boston Elevated Railway*, 226 Mass. 262.

The mother testified that she saw the child playing on the sidewalk on the opposite side of the street in front of a store; that Mildred was her only child; that she saw the truck driven by the defendant; that she started to walk toward Palmer and had gone about seventy-five feet and did not see the little girl again until she was dead. The child was left unattended on a busy street, on the opposite side from her home, where there was much travel generally at that time of the day. She was entitled to the care and protection of the mother. There was nothing in the condition of the family creating an exigency justifying the mother's conduct. The situation for a child of tender years might be dangerous, and called for care on the part of the mother. There was no evidence that she made use of that measure of prudence which the circumstances required. A verdict should have been directed for the defendant on this ground.

It is not necessary to decide the question of the defendant's negligence.

*Exceptions sustained.*
*Judgment for the defendant.*