MANUEL FRANCA *vs.* ART RUBIN.

Suffolk.    April 9, 1929. — October 3, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence,* Motor vehicle, In use of way, Contributory, Of child, Of person in charge of child. *Parent and Child. Evidence,* Presumptions and burden of proof. *Practice, Civil,* Appellate Division, Appeal, New trial.

The complete recital of facts and evidence in the report by a judge of a district court to an appellate division, made at the request of the defendant after a finding for the plaintiff in an action of tort for per-

sonal injuries received by a boy four years of age when, on the afternoon of an August day, he was struck by an automobile of the defendant, so far as it related to the circumstances of the accident, was as follows: "The defendant was driving his automobile . . . at fifteen miles per hour when the plaintiff was struck by some part of the right side of the automobile. The plaintiff introduced evidence of the manner in which the defendant's automobile was being operated. The defendant introduced evidence that the plaintiff ran off the sidewalk and into the right hand side of the defendant's automobile . . . This report contains all the evidence material to the questions reported." The judge refused to rule that the plaintiff had not proved by a preponderance of the evidence that the defendant was negligent, and found for the plaintiff, and the Appellate Division ordered the report dismissed. The defendant appealed. *Held*, that, there being nothing in the record to show the traffic and other conditions attendant upon the driving of the automobile by the defendant, or that its rate of speed exceeded that permitted by G. L. c. 90, § 17, there was nothing in the evidence reported to justify a finding that the defendant was negligent, and the order of the Appellate Division was reversed.

The report of the trial judge in the action above described, with respect to care taken of the plaintiff, stated that the "plaintiff's mother testified that she allowed her four year old son to go out on the street with two boys nine and thirteen years respectively, named John and Albert, but whose last names were unknown to her although they lived in the same house in which she lived; that the last time her son had been in the house was about noon, and she had seen him upon the sidewalk at fifteen minute intervals." There was no evidence reported respecting any care of the plaintiff by the boys John and Albert. The judge granted requests for rulings as follows: that a "child of the age of this plaintiff is presumed to be incapable of exercising due care for himself"; that, if the plaintiff had not proved that his custodians were in the exercise of due care with regard to their custody of him, the plaintiff could not prevail; and that in order to recover the plaintiff must prove by a preponderance of the evidence that his mother was careful in the selection of his custodians and that the custodians exercised due care in the control of the plaintiff. *Held*, that,

(1) Having thus instructed himself as to the law, the trial judge was bound to find for the defendant because there was no evidence in the record that the custodians exercised due care or any care to protect the plaintiff;

(2) In respect to care due of the custodians, the plaintiff was not aided by G. L. c. 231, § 85.

Since, upon the record above described, it must be assumed that the trial judge followed the law as he ruled it to be in granting the requests, the record showed that he did not rest his finding on due care of the mother and therefore, the question, whether the plaintiff might prevail on the ground of her due care, *was not considered*.

It *was stated* that it might well be that the record above described was not fair to the plaintiff, but it was *held*, that this court could not so

decide as a matter of law, being bound by the statement that the report contained "all the evidence material to the questions reported."

Because of the meagreness of the record above described, a judgment was not ordered for the defendant, but the order of the Appellate Division was reversed and a new trial was ordered.

While, in a report by a judge of a district or a municipal court of a trial of an action of tort involving questions of due care and negligence, evidence need not be set out in detail, it ought to be stated summarily and there must be something in the record on the subjects in issue if there was evidence bearing on them.

TORT for personal injuries received when the plaintiff was struck by an automobile of the defendant. Writ in the East Boston District Court dated October 10, 1927.

The judge of the District Court found for the plaintiff in the sum of $200 and at the request of the defendant reported the action to the Appellate Division for the Northern District. Material portions of his report are described in the opinion. The Appellate Division ordered the report dismissed. The defendant appealed.

*E. W. Sawyer & P. B. Bennett,* for the defendant, submitted a brief.

*J. Stone,* for the plaintiff.

RUGG, C.J. This is an action of tort by a boy between four and five years old to recover compensation for injuries alleged to have been received during the afternoon of an August day on Bennington Street in East Boston. The complete recital of facts or evidence in the report of the trial judge is in these words: "The defendant was driving his automobile along Bennington Street towards Central Square at fifteen miles per hour when the plaintiff was struck by some part of the right side of the automobile. The plaintiff introduced evidence of the manner in which the defendant's automobile was being operated. The defendant introduced evidence that the plaintiff ran off the sidewalk and into the right hand side of the defendant's automobile. The plaintiff's mother testified that she allowed her four year old son to go out on the street with two boys nine and thirteen years respectively, named John and Albert, but whose last names were unknown to her although they lived in the same house in which she lived; that the last time her son had been in

the house was about noon, and she had seen him upon the sidewalk at fifteen minute intervals." The report of the trial judge concludes in these words: "This report contains all the evidence material to the questions reported. The defendant claiming to be aggrieved by the denial of the motion for the defendant's finding and by the rulings and refusals to rule as requested, I hereby report the same to the Appellate Division for determination."

. Request 3, to the effect that the plaintiff had not proved by a preponderance of the evidence that the defendant was negligent, ought to have been granted. There is nothing in the record to show the traffic and other conditions attendant upon the driving of the automobile by the defendant. The rate of speed does not appear to have exceeded that permitted by G. L. c. 90, § 17. There is nothing on the evidence reported to justify a finding that the defendant was negligent.

The judge by granting request 4 instructed himself that a "child of the age of this plaintiff is presumed to be incapable of exercising due care for himself.". We need not inquire whether this was right, see *Sullivan* v. *Boston Elevated Railway,* 192 Mass. 37, 43, 44, because the defendant cannot complain of it and the trial proceeded on the theory that that was the law. That being so, request 13, to the effect that, if the plaintiff has not proved that his custodians were in the exercise of due care with regard to their custody of him, the plaintiff cannot prevail, and request 16, to the effect that in order to recover the plaintiff must prove by a preponderance of the evidence that his mother was careful in the selection of his custodians and that the custodians exercised due care in the control of the plaintiff, were granted. Having thus instructed himself as to the law, the trial judge was bound to find for the defendant because there is no evidence in the record that the custodians exercised due care or any care to protect the plaintiff. The plaintiff in this respect is not aided by the statute as to the presumption of due care. G. L. c. 231, § 85. *Bullard* v. *Boston Elevated Railway,* 226 Mass. 262, 267. *Sullivan* v. *Chadwick,* 236 Mass. 130, 134. *Stachowicz* v. *Matera,* 257 Mass. 283. It may be remarked in passing that the granting of request 16

was in part erroneous because, if the custodians had in truth exercised due care for the welfare of the plaintiff, the due care of the mother in their selection would have been of no consequence. The question, whether the plaintiff might prevail on the due care of the mother, need not be considered because it is plain from requests granted and refused by him that the trial judge, if he followed his own instructions as to the law, as must be assumed, could not in the opinion of a majority of the court have rested his decision on this ground.

It is not necessary to examine the requests in further detail or to discuss the motion for a finding for the defendant. It is manifest that there was a mistrial.

It may well be that the record is not fair to the plaintiff. But we cannot so decide as matter of law. We are bound by the statement that it "contains all the evidence material to the questions reported." The record, however, is too meagre to warrant us in ordering judgment for the defendant.

Of course evidence need not be set out in detail. It ought to be stated summarily. But where the case turns on questions of due care and negligence there must be something on these subjects in the record, if there was evidence bearing on them.

*Order dismissing report reversed.*
*Case to stand for a new trial.*