JOHN DEFURIA *vs.* CHARLES J. MOONEY.

Middlesex.    December 11, 1931. — October 26, 1932.

Present: RUGG, C.J., PIERCE, WAIT, & FIELD, JJ.

*Negligence*, Motor vehicle, In use of way, Of child, Contributory, Of
person in charge of child.  *Practice, Civil*, Ordering verdict, Requests,
rulings and instructions, Rules of court.

At the trial of an action of tort for personal injuries sustained by a boy
about four years of age when he was struck by a motor vehicle oper-
ated by the defendant in a street in front of a store to which the boy
had gone with his mother in an afternoon in July, there was evidence
that the street was fifty feet wide; that the defendant's automobile
was travelling in the center of it; that no other automobiles were
parked or moving in the street and no pedestrians were there; that
there was nothing in the street to distract the defendant's attention;
that the defendant knew that hundreds of children lived in the neigh-
borhood and that the operator of an automobile in such a section of
the city must be alert at all times and must expect a child "to dart
out from most any place," but that he did not see where the plaintiff
came from and saw the plaintiff first when he was in front of the
automobile.  *Held*, that a finding was warranted that the defendant
was negligent in not seeing the plaintiff in time to avoid hitting him.
At the trial of the action above described, the plaintiff, whatever his
capacity of exercising care for his safety, was entitled under G. L.
(Ter. Ed.) c. 231, § 85, to the benefit of the presumption that he exer-
cised the care to be expected of a child of his age under like condi-
tions, and there were no admitted or indisputable facts or evidence
as to the way in which he reached the street or his conduct in the
street which bound the plaintiff and were sufficient to overcome this
presumption.
At the trial above described, there was further evidence that the plain-
tiff's mother, who kept no servants, took the plaintiff to the store,
as she had done on previous occasions, when he had appeared to be
interested in the things he saw; that he had been warned by his
father, mother and older children in the family to keep off the street
because of the danger of automobiles; that he was an obedient child;
that his mother had noticed on previous occasions that, if he saw
an automobile coming when she was going to cross a street with him,
he would "grab" her, call attention to the automobile, and say
"Stop"; that in the store, on the occasion in question, the plaintiff
held his mother's hand until the storekeeper started to wait on her
and let go when she was pointing out the articles she wished to buy;
that two minutes later, when she received her bundle, she looked for

the plaintiff and did not see him in the store; that then she went outside and found that he had been in the accident. *Held*, that, even if the plaintiff was incapable of exercising due care for his safety in the circumstances disclosed, a verdict for the defendant could not rightly have been ordered, because, although the plaintiff in such circumstances was not aided by G. L. (Ter. Ed.) c. 231, § 85, it could have been found as a fact that the plaintiff's mother, in whose custody he was, exercised due care for his safety.

TORT for personal injuries. Writ dated August 16, 1928.

In the Superior Court, the action was tried before *C. H. Donahue*, J. Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $4,000. The defendant alleged exceptions.

*A. V. A. Thomason*, (*C. S. Hartwell* with him,) for the defendant.

*J. M. Russell*, for the plaintiff.

FIELD, J. This is an action of tort brought by a minor by his next friend to recover compensation for personal injuries resulting to the plaintiff from his being struck, in a street in the city of Somerville, by a motor vehicle owned and operated by the defendant. The defendant requested a ruling that "Upon all the evidence the plaintiff cannot recover," and made a written motion for a directed verdict. Request and motion were denied. There was a verdict for the plaintiff. The case is here on the defendant's exceptions.

The motion for a directed verdict was denied rightly.

There was evidence that the plaintiff, a boy about four years old at the time of the accident, went to a store with his mother, and afterwards was struck and knocked down by an automobile owned and operated by the defendant in the street which was in front of the store. The accident occurred on July 19, 1928, at about 5 P.M.

1. A finding that the defendant was negligent was warranted. The evidence was conflicting. It could have been found, however, that the street was fifty feet wide, that the defendant's automobile was travelling in the center of it, that no other automobiles were parked or moving in the street and no pedestrians were there, that there was nothing in the street to distract the defendant's attention, that the defendant knew that hundreds of children lived in the

neighborhood and that the operator of an automobile in such a section of the city must be alert at all times and must expect a child "to dart out from most any place," but that he did not see where the plaintiff came from and saw the plaintiff first when he was in front of the automobile. Evidence more favorable to the defendant might have been disbelieved. The conclusion was justified that the defendant was negligent in not seeing the plaintiff in time to avoid hitting him. See *Boni* v. *Goldstein*, 276 Mass. 372, 375, and cases cited. Whether it could have been found that he was negligent in other respects need not be considered.

2. It could not have been ruled as matter of law that the plaintiff was negligent. Whatever his capacity of exercising care for his safety (see *McDonough* v. *Vozzela*, 247 Mass. 552, 556, and cases cited), he was entitled, under G. L. (Ter. Ed.) c. 231, § 85 (see *Powers* v. *Loring*, 231 Mass. 458, 460), to the benefit of the presumption that he exercised the care to be expected of a child of his age under like conditions. See *Dowd* v. *Tighe*, 209 Mass. 464; *Brennan* v. *Boston Elevated Railway*, 261 Mass. 318; *Linnane* v. *Millman*, 261 Mass. 491, 494. There were no admitted or indisputable facts or evidence by which the plaintiff was bound, as to the way in which he reached the street or his conduct in the street, sufficient to overcome this presumption.

3. Even if the plaintiff was incapable of exercising due care for his safety in the circumstances disclosed (see *Brennan* v. *Standard Oil Co. of New York*, 187 Mass. 376, 378; *Sullivan* v. *Chadwick*, 236 Mass. 130, 134; *McDonough* v. *Vozzela*, 247 Mass. 552, 556; *Coldiron* v. *Worcester Consolidated Street Railway*, 253 Mass. 462, 463; *Grogan* v. *O'Keeffe's Inc.* 267 Mass. 189, 193), a verdict for the defendant could not have been directed for, though the plaintiff on this branch of the case is not aided by G. L. (Ter. Ed.) c. 231, § 85 (*Franca* v. *Rubin*, 268 Mass. 590, 593), it could have been found as a fact that the plaintiff's mother, in whose custody he was, exercised due care for his protection, that is, that he was in the street without fault on her part.

The evidence tended to show the following facts: The plaintiff's mother, who kept no servants, took him to the

store that she might buy food for the family. She had taken him there on previous occasions and he then appeared to be interested in the things he saw. He had been warned by his father, mother and older children in the family to keep off the street because of the danger of automobiles. He was an obedient child. His mother had noticed on previous occasions that when she was going to cross a street with him if he saw an automobile coming he would ·"grab" her, call attention to the automobile, and say "Stop." In the store, on the occasion in question, the plaintiff held his mother's hand until the storekeeper started to wait on her and let go when she was pointing out the articles she wished to buy. Two minutes later, when she received her bundle, she looked for the plaintiff and did not see him in the·store. Then she went outside and found that he had been in the accident.

The evidence recited resembles closely the evidence in *Grogan* v. *O'Keeffe's Inc.* 267 Mass. 189, where it was held that the jury were warranted in finding that the plaintiff's mother "exercised every care a reasonably prudent person would have exercised in looking out for the safety of the plaintiff." Page 193. Here, moreover, there was evidence of the nature and habits of the plaintiff tending to ·minimize the risk of a brief diversion from him of his mother's attention. The cases cannot be distinguished. See also *Marsland* v. *Murray*, 148 Mass. 91; *Sullivan* v. *Boston Elevated Railway*, 192 Mass. 37. *Sullivan* v. *Chadwick*, 236 Mass. 130, relied on by the defendant, differs materially in its facts.

The request for a ruling was denied rightly. The question sought to be raised thereby could be raised only by a motion for a directed verdict. Common Law Rule 44 of the Superior Court (1923); (see now Rule 71 of the Superior Court [1932]). *Patton* v. *DeViney*, 259 Mass. 100.

*Exceptions overruled.*