Bolster, C. J.
The defendant’s dog bit the minor plaintiff. The trial judge found the evidence evenly balanced on the question whether the plaintiff was teasing the dog, ruled that the burden of proving the negative of that issue was on the plaintiff, and found for the defendant. The *123 pertinent statute is Stat. 1935, eh. 320, § 18, reading:—
“If any dog shall do any damage to either the body or property of any person the owner or keeper . . . shall be liable for such damage, unless such damage shall have been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog.”
Anyone approaching such a legal issue should first read the chapter on “Burden of Proof” in Professor Thayer’s Preliminary Treatise on Evidence. The trial judge apparently placed some reliance on the case of Ansell v. Boston, 254 Mass. 208.
The working rule there stated is only a working rule, not a mandate of universal application. If a later section or statute provided that the section should not apply to dogs less than three months old, or that the right given should not exist for an alien, would the burden be on the defendant? And would it make any difference whether the statute said, “Whoever, being a citizen”, or “Whoever, not being an alien”, or whether the limitation is found in the enacting clause or somewhere else, provided that when found, the intent is plain that only a limited class are within the protection or liability. It is what you find, not where you find it, that counts. However, this is beside the mark, for this plaintiff’s “unless” is in the enacting clause, and, more important, we think, it is a plain limitation of the words “any person”. There is nothing of affirmative defence or confession and avoidance about it. The fact that the requirement of proving that the plaintiff was not “committing a trespass or other tort” may show that it is a statute awkward in application, somewhat resembling, for instance, the conditions created by Gen. Laws, Ch. 274, § *124 4, cf. Com. v. Sokorelis, 254 Mass. 454, but it does not enlarge the plaintiff’s attributes in recovery. Whether he can be helped out in his proof by any prima fade presumptions of fact is a question not involved in this case. It is for the plaintiff to prove, by a preponderance of all the evidence, that he is one of those given a right by the statute, not for the defendant to prove him out of that class. The expression “burden of proof” as used by the trial judge, can have in this case no confusion with the “burden of going forward with evidence.” The final balance of all the evidence must leave the plaintiff within the prescribed area or he loses. His right is one intrinsically limited by the terms of the statute giving the right.
What has been said hitherto refers only to the question of the interpretation of the particular statute quoted. We do not find anything in that act alone to take the burden off the plaintiff. In fact, the attempt to find in this act anything declaratory of legislative intent about the procedural requirements of burden of proof is merely a journey into the field of fiction. The act merely defines substantive rights. The procedural rules must be found in general rules of law or in procedural statutes.
A review of the statutes is important as a prelude to discussion of the crucial question, whether Gen. Laws, Ch. 231, §85, applies to this case. Bev. Sts., Ch. 58, §13, re-enacting St. 1798, Ch. 54, §3, provided that an owner should “forfeit” double damages to the person injured “to be recovered in an action of trespass, and in such action, the defendant may plead the general issue, and give any special matter in evidence, in excuse or justification.” In the Gen. Stat., Ch. 88, Sec. 59, following the practice revision of 1852, it reads, “To be recovered in an action of tort.”
Under this law it was held, although the statute did not say so, that a plaintiff must allege and prove his own due *125 care. Munn v. Reed, 4 Allen 431. Raymond v. Hodgson, 161 Mass. 184. The latter case, however, points out the difference between contributory (i. e., causative) and non-con-tributary negligence of the plaintiff. Zink v. Foss, 221 Mass. 73, was a case in which the plaintiff alleged that the defendant wilfully set his dog upon the plaintiff. It was held that it was error to double the damages, because that count, on which there was a verdict for the plaintiff, was a count at common law and not upon the statute. The plaintiff was a trespasser. The court said that the due care of the plaintiff was not important, and need not be alleged. The gist of the case is that the defendant himself did the damage, the dog being only the instrument. The gist of the action was the battery, cf. Restatement of the Law. Torts, §481. A reporter’s note calls attention to the fact that the writ in this case antedated Stat. 1914, Chap. 553, “so that the question whether (that statute) applies to actions under R. L., C. 102, §146, did not arise.”
That statute of 1914, now Gen. Laws, Ch. 231, §85, is— “In all actions, civil or criminal, to recover damages for injuries to person or property, the person injured or killed shall be presumed to have been in the exercise of due care, and contributory negligence on his or her part shall be an affirmative defence to be set up in the answer of, and proved by the defendant.”
If the latter part of that statute applies to this case, it ends the whole question. The first part is merely a statement of what shall be the presumption in the absence of evidence ; it does not serve to resolve a square conflict of evidence, evenly balanced, such as here exists. The difficulty about making use of the second part is that it speaks in terms of negligence, while the act of 1934 speaks of things which may or may not amount to negligence. A child may be teasing a dog and yet he may be exercising due care for *126 Ms years. What the defendant needs to prove, if the statute applies, is that the plaintiff was teasing the dog. But the due care statute requires what may be more — want of due care under all the circumstances, — cf. Stachowicz v. Matera, 257 Mass. 283, which may run into questions of imputed negligence, cf. Sullivan v. Chadwick, 236 Mass. 130. Moreover, since there seems no ground for splitting up the qualifying part of the statute, and malting the “due care” statute apply to the last enumeration and not to the first, it is obvious that the fact of trespass or other tort may or may not be causative, in the sense in which that term is used in the law of negligence. These two statutes simply do not dovetail. It appears to us that wMle the legislature must be taken to have known of the decision in Munn v. Reed, cf. Potter v. Gilmore, 282 Mass. 49, at p. 54, the new addition in the act of 1934 of certain conditions under which damages are withheld eliminates the element of negligence, at least in cases falling within the enumeration, and if so, the ‘ ‘ due care” statute, in its regulation of the burden of proof, does not apply. What the act of 1934 calls for is a fact, and not the kind of conduct wMch produces the fact. cf. N. E. Box Co. v. N. Y. C. & H. R. R. R., 210 Mass. 465. Whether the statute, now back to single rather than double compensation, but still omitting scienter, has wholly submerged the common law liability, is not in issue. This case is founded on the statute. The fact that the defendant saw fit to enter an affirmative plea does not alter the statute, nor control the burden of proof.
Report dismissed.