ERNEST CHARETTE *vs.* CLARA A. BURKE.

SAME *vs.* WALTER L. HUNT.

Worcester.    September 28, 1937. — May 25, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Negligence,* Due care of person in charge of child. *Evidence,* Relevancy.

Evidence warranted a finding that the parents of a child twenty-two months of age exercised due care for his safety as to automobiles although they left him unattended on the front walk on their premises for a few seconds.

Testimony by a father that, before temporarily leaving his child twenty-two months of age unattended on the front walk of his premises, he told him to wait where he was, was admissible on the question of his conduct as custodian.

TWO ACTIONS OF TORT. Writs in the District Court of Fitchburg dated December 16, 1935.

On removal to the Superior Court, the actions were tried before *Whiting,* J. There was a verdict for the plaintiff in

each action in the sum of $4,000. The defendants alleged exceptions.

*J. C. McDonald,* (*M. J. Rubin* with him,) for the defendants.

*A. A. Gelinas,* for the plaintiff.

DONAHUE, J. The plaintiff when twenty-two months old was struck and injured on a public highway by an automobile owned by the defendant in the first case and operated by the defendant in the second case. The cases were tried together before a jury and it was agreed that if the jury found for the plaintiff in the case against the operator, it should also return a verdict for the plaintiff in the action against the owner.

After a verdict against each defendant the cases are here on exceptions to the refusal of the judge to allow motions for directed verdicts for the defendants and to the admission of certain testimony. It is now conceded by the defendants that the evidence warranted the jury in finding the defendants guilty of negligence.

The morning of August 27, 1935, was dry and sunny and the plaintiff's mother allowed him to go out of the house and across the street in charge of his thirteen year old sister. It was a thickly settled neighborhood and many children were out of doors, some were on the sidewalks and some on the street. Later the plaintiff was under the care of an eight year old brother who at some time after ten o'clock brought the plaintiff back across the street to a walk on the premises where they lived. The plaintiff's father was then sitting on the top piazza step and the brother relinquished the care of the plaintiff to the father. The plaintiff's mother came to the window and suggested that the father get a "cookie" for the plaintiff as he had not eaten much at breakfast time. The father went into the house to carry out that suggestion.

Before doing so he looked up and down the street and saw no automobile approaching. He told the plaintiff to wait where he was while he went into the house to get him a "cookie." Before the father had time to accomplish that purpose and within a few seconds after entering the house

he heard a scream and, rushing out, saw the plaintiff on the street about three feet from the curb, between the two left wheels of the automobile owned by one defendant and operated by the other defendant.

The operator of the automobile testified that he had been driving the automobile on his right side of the street as he approached the scene of the accident and saw some boys in the street ahead of him; that they were "tormenting" him and he turned the automobile to his left, that is, toward the side of the street where the plaintiff's home was located; and that he continued to look at the boys and did not see the plaintiff until after he was struck and was under the automobile. The plaintiff's mother, who was in the kitchen engaged in her household duties, saw the plaintiff when he was left by his brother on the walk leading to the piazza and "had her eye on him" while the father was coming into the house, but had turned away while directing her husband where to find the "cookie" which he sought.

In the foregoing summary the evidence most favorable to the plaintiff is taken, as it should be in considering the refusal of the judge to direct verdicts for the defendants. In view of the age of the plaintiff, the burden was on him to prove that proper care for his safety was taken by his custodians. *DeFuria* v. *Mooney*, 280 Mass. 447, 450. *Stachowicz* v. *Matera*, 257 Mass. 283, 284. It could not, on the evidence, properly have been ruled that they failed to exercise such care.

Both the father and the mother were in fact using care for his safety up to a very short period of time before his injury. The boy, when the father went into the house, was standing on the premises occupied by the family and not on any part of the street. The father told him to wait where he was and that he would be brought a "cookie." He was a healthy normal child. He was an obedient child. The father cannot as matter of law be said to be negligent in anticipating that the command and the promise would keep his son where he was for the brief interval it would take to fulfil the promise. The father took the additional precaution of noting that there were no automobiles in the

vicinity.   He could hardly be ruled to be negligent in failing to anticipate such negligent operation of an automobile as that which injured the plaintiff.   *St. Pierre* v. *Hathaway Baking Co.* 296 Mass. 455.

Short as was the interval between the father's observation of the plaintiff and the injury, the mother's diversion of attention was even shorter.   The space of time preceding the accident when the plaintiff was not in sight of the father and mother was so brief that they cannot be said as matter of law to have been negligent.   *Shear* v. *Rogoff*, 288 Mass. 357.   *St. Pierre* v. *Hathaway Baking Co.* 296 Mass. 455. *DeFuria* v. *Mooney*, 280 Mass. 447, 450.   *Herd* v. *Boston Elevated Railway*, 265 Mass. 125.   *Dowd* v. *Tighe*, 209 Mass. 464.

The defendants excepted to the admission of the testimony of the father as to what he said to the plaintiff before going into the house.   What he said was a verbal act and a circumstance pertinent to the matter of the father's conduct as the custodian of his son.   The evidence was properly admitted.   *Shear* v. *Rogoff*, 288 Mass. 357, 360. *Herd* v. *Boston Elevated Railway*, 265 Mass. 125.

*Exceptions overruled.*