*Northern District*

No. 5061

## WILBUR C. FULLER

v.

## ROBERT LEVINE

(July 29, 1957)

*Present:* GADSBY, P. J., ENO AND BROOKS, JJ.

*Eno, J.* This is an action of tort by which an owner of an automobile seeks to recover for damages caused it by the alleged negligence of the defendant, who was then operating an automobile owned by his brother-in-law.

There was evidence from which the trial judge could and did make the following findings of facts:

"The plaintiff, William C. Fuller, was the owner of a Pontiac automobile, which, on June 5, 1955, his son Robert Fuller, 20 years of age, was operating on Redington Street in Swampscott, going west, after picking up his mother and brother 12 years of age at the corner of Humphrey Street and Redington Street in Swampscott. While proceeding along Redington Street at about 15 miles per hour, in front of the Hadley School, which had a chain link fence in front of the school

grounds, he heard the roar of an automobile engine from the car the defendant was operating. The defendant's car, which was owned by one Andelman and operated by the defendant, crashed into the fence knocking it down and the car ran over the fence on to the sidewalk, struck the left rear fender of the plaintiff's car, continued across the street over a curbing and across the sidewalk, 6 feet on to the property of one Carroll and into the steps of the Carroll house and bounced back on to the sidewalk and street. The defendant had parked the car he was driving in the Hadley School yard on level ground and about 5 or 6 inches from the chain link fence, facing in a northerly direction, and after doing an errand returned to the car and had two children, one 7 years old and another just over 3 years, with him in the front seat. When the defendant attempted to start his motor it stalled and he said he was warming up the motor and got it going; he bent over to release the hand brake and the car went forward and struck the abutment of fence causing him to hit chin on steering wheel; the defendant testified that the car was in neutral; that he did not remember going over the fence or whether he released the brake, (although he did recall his hand was on hand brake as he was about to release it or did release it when he hit his chin), nor whether he stepped on the gas after hitting his chin.

I find that the defendant's car would not go forward unless the car was in gear, nor would it travel as it did without acceleration or stepping on the gas by the defendant. There was evidence by an expert who testified that the automatic transmission of this type (hydromatic) had been known to jump into drive range:

    1. If one was racing the motor and engine was rocking.

2. If motor mounts were loose.

3. If safety switch was out of adjustment.

There was no evidence by the one who repaired the car operated by the defendant as to what the condition was of this automatic transmission as a result of the accident. There was also testimony that in any event the car would not go forward as it did in this case unless the motor was accelerated by giving more gas than needed to start the motor.

I find that the defendant was negligent in accelerating the engine and not applying the brakes."

The defendant asked the court to rule as follows:

"1. Upon all the evidence the plaintiff is not entitled to recover in this action for the following reasons:

a. Because there is no evidence that the defendant was negligent in any respect toward the plaintiff.

b. Because the mere happening of the alleged accident, to wit, the alleged collision between the plaintiff's vehicle and the vehicle operated by the defendant cannot in and of itself support a finding that the defendant was negligent toward the plaintiff.

c. Because there is corroborated and uncontradicted evidence which if believed by the Court tends to prove that when the defendant turned on the ignition key of the vehicle operated by him and thereby engaged the ignition connected motor starting mechanism, the automatic transmission of the said vehicle failed to function properly, and unexpectedly and prematurely and unintentionally caused the said vehicle to move forward, break through a chain link metal fence, injure the defendant, pass over a sidewalk and move out into Redington Street.

d. Because the occurrence of the events in Clause C of this request created an emergency of such a type that the defendant's failure to bring said vehicle to an immediate stop cannot be found to constitute negligence on the part of the defendant.

e. Because the defendant's failure to bring the vehicle operated by him to an immediate stop in time to avoid the

alleged collision with the vehicle of the plaintiff or any other object or objects cannot be found to constitute negligence on the part of the defendant in the light of the evidence in this case.

2. Upon all the evidence a finding for the plaintiff is not warranted in this action for the following reasons:

a. Because there is no evidence that the defendant was negligent in any respect toward the plaintiff.

b. Because the mere happening of the alleged accident, to wit, the alleged collision between the plaintiff's vehicle and the vehicle operated by the defendant cannot in and of itself support a finding that the defendant was negligent toward the plaintiff.

c. Because there is corroborated and uncontradicted evidence which if believed by the Court tends to prove that when the defendant turned on the ignition key of the vehicle operated by him and thereby engaged the ignition connected motor starting mechanism, the automatic transmission of the said vehicle failed to function properly, and unexpectedly and prematurely and unintentionally engaged a forward transmission gear or gears and unexpectedly and prematurely and unintentionally caused the said vehicle to move forward, break through a chain link metal fence, injure the defendant, pass over a sidewalk and move out into Redington Street.

d. Because the occurrence of the events in Clause C of this request created an emergency of such a type that the defendant's failure to bring said vehicle to an immediate stop cannot be found to constitute negligence on the part of the defendant.

e. Because the defendant's failure to bring the vehicle operated by him to an immediate stop in time to avoid the alleged collision with the vehicle of the plaintiff or any other object or objects cannot be found to constitute negligence on the part of the defendant in the light of the evidence in this case.

3. The mere happening of the alleged accident, to wit, the alleged collision between the plaintiff's vehicle and the vehicle operated by the defendant cannot in and of itself support a finding that the defendant was negligent toward the plaintiff.

4. There is corroborated and uncontradicted evidence which if believed by the Court tends to prove that when the defendant turned on the ignition key of the vehicle operated by him and thereby engaged the ignition connected motor starting mechanism, the automatic transmission of the said vehicle failed to function properly, and unexpectedly and prematurely and unintentionally engaged a forward transmission gear or gears and unexpectedly and prematurely and unintentionally caused the said vehicle to move forward, break through a chain link metal fence, injure the defendant, pass over a sidewalk and move out into Redington Street.

5. The occurrence of the events set forth in request number 4 created an emergency of such a type that the defendant's failure to bring the vehicle operated by him to an immediate stop cannot be found to constitute negligence on the part of the defendant.

6. The defendant's failure to bring the vehicle operated by him to an immediate stop in time to avoid the alleged collision with the vehicle of the plaintiff or any other object or objects cannot be found to constitute negligence on the part of the defendant in the light of the evidence in this case.

7. The evidence does not warrant a finding that the defendant was negligent toward the plaintiff.

8. The evidence requires the finding that the cause of the alleged accident was conjectural."

The trial judge denied the defendant's requests for rulings numbered 1a, 1c, 1d, 1e, 2a, 2c, 2d, 2e, 4, 5, 6, 7, and 8. With respect to requests numbered 1d, 1e, 2d, 2e, 5, and 6, the Court ruled that said requests were inapplicable to the facts found. The Court granted requests numbered 1b, 2b, and 3. With respect, however, to requests numbered 1b, 2b, and 3, the Court in giving these requests ruled that each was given as a mere abstract rule of law, but inapplicable to the facts found.

█ █ There was no error in the disposition of the defendant's requests for rulings.

The question of the negligence of the defendant was one of fact for the trial judge, who could draw

reasonable inferences from the testimony of the defendant. *Engel v. Checker Taxi*, 275 Mass. 471, 475.

There was ample evidence from which the trial judge could infer that the defendant was negligent, and this case is distinguishable from the only case cited by the defendant in his brief, *Frauca v. Rubin*, 268 Mass. 590.

*The report is to be dismissed.*

Santry and Santry, for the plaintiff.

Henry A. Simon, for the defendant.