COMMONWEALTH *vs.* WARREN BILLINGS.

It is not an absolute rule of law that if the jury find that a witness has wilfully sworn
falsely in relation to any matter material to the issue on trial, they shall wholly disregard
his testimony except in those particulars in which it is corroborated.
On a trial at which one has testified as a witness, evidence is admissible of his general rep-
utation for truth eighteen months previously.

INDICTMENT for adultery with one Mary F. Spruce. At the
trial in the superior court, before *Reed*, J., she was a witness for
the government, and there was evidence tending to show that
several matters asserted as facts in her testimony were not true,
and that she had at other times made other and contrary state-
ments ; and the defendant introduced evidence tending to show
that her reputation for truth was and long had been bad. It
was admitted by the government that she was to be considered
as an accomplice ; and the defendant asked the judge to instruct
the jury that if they should find that she had deliberately sworn
falsely in relation to any matter material to the issue, they
would be bound to discard her testimony wholly, except in so
far as it was corroborated. But the judge declined so to rule ;
and after giving the jury instructions, to which no exception
was taken, concerning the testimony of an accomplice, as such,
he further instructed them that if they should find that the wit-
ness had wilfully sworn falsely in some material particular, yet
there was no rule of law which would forbid them to believe
other portions of her testimony.

The government contended, on the evidence in the case, that
the illicit intercourse between this witness and the defendant
began thirteen months before the trial ; and the district attor-
ney asked certain witnesses, whom he called in rebuttal of the
testimony introduced by the defendant concerning her repu-
tation for truth, what her general reputation for truth was eigh-
teen months before the trial. To this question the defendant
objected, but the judge overruled the objection, and the wit-
nesses replied that it was good.

The jury returned a verdict of guilty ; and the defendant al-

leged exceptions on various points, all of which except the fore-going were waived at the argument in this court.

*C. G. Davis*, for the defendant, arguing that the maxim *falsus in uno, falsus in omnibus*, is a rule of law, cited 1 Stark. Ev 515, 525; *Bermon* v. *Woodbridge*, 2 Doug. 788.

*C. Allen*, Attorney General, for the Commonwealth, cited, to the point that there is no rule of law that an accomplice or any other witness who has testified falsely in one particular should be wholly discredited, *Regina* v. *Stubbs*, Dearsly, 555; *Commonwealth* v. *Bosworth*, 6 Gray, 481; *Commonwealth* v. *Price*, 10 Gray, 472; *Commonwealth* v. *Graves, ante*, 114; 1 Greenl. Ev. § 380 : and, arguing that the maxim *falsus in uno, falsus in omnibus*, is not a rule of law, cited further, *State* v. *Williams*, 2 Jones, (No. Car.) 257; *State* v. *Noblett*, Ib. 418; *Letton* v. *Young*, 2 Met. (Ky.) 558; *Terry* v. *State*, 13 Indiana, 70; *McCrary* v. *Crandall*, 1 Clarke, (Iowa) 117; *Knowles* v. *People*, 15 Mich. 408; *King* v. *Teal*, 11 East, 307; and on the point of the admissibility of evidence as to the reputation of the witness for truth eighteen months before the trial, cited *Parkhurst* v. *Ketchum*, 6 Allen, 406, 408.

BIGELOW, C. J. These exceptions cannot be sustained.

1. It is not an absolute and inflexible rule of law, that the testimony of a witness is to be wholly disregarded and rejected, except in those particulars in which there is corroboration by other credible witnesses, if the jury find that the witness has deliberately sworn falsely in relation to a material matter. This question was distinctly raised and adjudicated by the court in a recent case. *Commonwealth* v. *Wood*, 11 Gray, 86, 89, 93. On a reconsideration of the point in the light of the very clear and forcible argument of the learned counsel of the defendant, we are satisfied that that decision was correct, and that the reasons on which it rests, clearly and tersely stated in the opinion of the court, are satisfactory and decisive against the adoption of the maxim *falsus in uno, falsus in omnibus*, as an established rule of the law of evidence. The cases cited on the brief of the attorney general show that this conclusion is supported by a very great weight of authority. The instructions on this part of the

case were accurate and embodied the necessary suggestions to guide the jury in weighing the testimony of the impeached witness.

2. The testimony offered to prove the reputation of the government witness for veracity a year and a half previous to the trial, was competent. It was not too remote in point of time. Facts and circumstances in their nature continuous may always be shown to exist anterior to the precise period when it is necessary to show their existence, unless the interval is too great to afford a reasonable inference that the same state or condition of things has remained unchanged.

*Exceptions overruled.*\*

---

\* In this case, after the foregoing decision, a new trial was granted in the superior court, for newly discovered evidence, and thereupon the district attorney entered a *nolle prosequi.*