## WILLIAM GLEASON *vs.* JOSIAH R. SMITH.

Hampden. September 24, 1901. — October 18, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Negligence*, Contributory.

For an ordinary boy about twelve years old to dodge rapidly into collision with a slowly approaching team, when chasing another boy in order to catch him while he crosses the street, without taking any measures to ascertain the approach of vehicles or to avoid danger, is want of due care.

TORT by an infant by his father and next friend for injuries caused by coming in contact with a horse or wagon of the defendant alleged to have been driven negligently by a servant of the defendant. Writ dated March 21, 1900.

At the trial in the Superior Court, before *Pierce*, J., the judge directed a verdict for the defendant; and the plaintiff alleged exceptions.

*T. B. O'Donnell,* (*M. J. Griffin* with him,) for the plaintiff. ·
*W. Hamilton,* (*W. H. Brooks* with him,) for the defendant.

BARKER, J. The defendant's team was travelling slowly, for a lawful purpose and in a manner which according to the plain weight of the evidence was in no respect negligent. But as one witness testified that the servant who according to the testimony of the other witnesses was driving, was not in fact driving, and was in fact looking into the delivery basket which was in the rear end of the wagon, we assume in favor of the plaintiff that there was some evidence of negligence on the part of the defendant's servant.

The plaintiff was about twelve years old and there is no contention that he was not equal in capacity and experience to the usual boy of that age. With several other boys of a similar age he was using the street as a place in which they were playing a game which required them to run from one sidewalk to the other, and in which the plaintiff was trying to catch some other boy, as the others upon the plaintiff's call ran from side to side of the street. The game had been in progress for fifteen minutes or more and the plaintiff had been engaged in it for

several minutes. His part required him to stand between the sidewalks, give the call at which the other boys were to run across, and to attempt to catch some one of them as they did so. It was to be expected that the boys would run fast and would dodge, and in attempting to catch a boy who was so doing the plaintiff came in contact with the team and was hurt. The occurrence was about dusk. There was an electric light in the neighborhood, and the team if going faster than a walk was going slowly. It is plain from the uncontradicted testimony that neither the plaintiff nor any of the other boys engaged with him in the play took any care or precaution to avoid collision with vehicles using the street for purposes of travel. They were all using the street as they might use a playground set apart for such sport. While the plaintiff was bound to exercise only such care as ordinary boys of his age and intelligence are accustomed to exercise under like circumstances, yet the standard is the conduct of boys who are ordinarily careful. *Hayes* v. *Norcross*, 162 Mass. 546, 548. To dodge rapidly into collision with a slowly approaching team, while chasing another boy in order to catch him while he crossed the street, without taking any measures to ascertain the approach of vehicles or to avoid danger was conduct which the judgment of common men would universally condemn as careless in a boy of the plaintiff's age.

In this view of the case it is unnecessary to express any opinion upon the exception relating to the ordinance prohibiting the playing of any game in the street.

*Exceptions overruled.*