EDWARD T. MILLS, administrator, *vs.* LEWIS J. POWERS.

Hampden.    September 23, 1913. — October 22, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Negligence,* In use of highway.

Where a boy nearly eleven years of age, sitting on the tailboard of a moving wagon on a city street, facing the rear, turns around and, facing the driver, alights from the wagon and proceeds to cross the street in a diagonal direction forward toward his left, when he is struck by an automobile approaching from the rear, he is not in the exercise of due care.

SHELDON, J.  The plaintiff's intestate was a boy nearly eleven years old.  While going along Main Street in Springfield on an errand for his mother, he jumped upon a wagon which was being driven along that street, and seated himself upon the tailboard of the wagon, facing south, with his back toward the driver.  Presently he jumped off, turning his body as he did so, and thus bringing his face toward the driver and jumping off backward. He then started to run diagonally across Main Street in a northwesterly direction.  Almost at once the defendant's automobile, coming up from behind, struck him, causing injuries which resulted in his death.*  The first question that arises is whether there was evidence which warranted a finding that he was in the exercise of due care.

The material features of the case at bar closely resemble those that were disclosed in *Messenger* v. *Dennie,* 141 Mass. 335, and 137 Mass. 197.  Here as there the boy had been riding upon a vehicle in the roadway of a public street, jumped off, started to cross the street and was struck by the defendant's vehicle.  In the first report of that case it appeared that he did not look behind him; at the second trial there was evidence that he did so; but upon either alternative it was held that he could not recover. In that case too, as here, there was evidence that the defendant's vehicle turned out of its direct course to pass the vehicle ahead of it.  The boy in that case was younger than this intestate, and could not be held to a more stringent rule of care than must be applied here.  But it was held that his own negligence was a bar to his recovery.  The same doctrine is affirmed in later decisions of this court.  *Hayes* v. *Norcross,* 162 Mass. 546.  *Mullen* v. *Springfield Street Railway,* 164 Mass. 450.  *Young* v. *Small,* 188 Mass. 4. *Russo* v. *Charles S. Brown Co.* 198 Mass. 473.

We have examined all the cases that have been cited to this point for the plaintiff and cannot find that any of them support his contention.

As it could not have been found that this boy was in the exercise of due care, the judge rightly ordered a verdict for the de-

---

* The action was for the death of the plaintiff's intestate and was tried before *Hall,* J., who at the close of all the evidence ordered a verdict for the defendant.  The plaintiff alleged exceptions.

fendant. It is not necessary to consider the other questions that have been raised.

*Exceptions overruled.*

The case was submitted on briefs.

*D. E. Leary, E. W. Beattie, Jr., & G. D. Cummings,* for the plaintiff.

*J. B. Carroll, W. H. McClintock & J. F. Jennings,* for the defendant.