Louis Swetzoff *vs.* Michael W. O'Brien & others.

Suffolk.  March 9, 1917. — April 6, 1917.

Present: Rugg, C. J., Braley, De Courcy, Pierce, & Carroll, JJ.

*Negligence,* In use of highway.

Where, before the passage of St. 1914, c. 553, a boy about fifteen years of age with four other boys was playing "puss in the corner" in a public highway and, in running across the street as fast as he could to reach one of the goals, which was a tree at the side of the street, ran at full speed against a motor car, which he might have seen four hundred feet away if he had looked, and was injured, he was *held* to have been negligent as matter of law, although there was testimony that he "looked both ways" before he started to cross the street, this, under the circumstances shown, not being evidence of the exercise of the care required of a boy of his years.

Tort by a minor, by his next friend, for personal injuries sustained by the plaintiff on August 21, 1912, when he was about fifteen years of age, by coming into collision with a motor car driven by a servant of the defendants on Columbia Road at or near its intersection with Devon Street in the part of Boston called Dorchester.  Writ dated November 7, 1912.

In the Superior Court the case was tried before *Raymond,* J. The evidence is described in the opinion.  At the close of the evidence the defendants asked the judge to make the following rulings:

"1. On all the evidence the plaintiff is not entitled to recover.

"2. On the evidence and the pleadings the plaintiff is not entitled to recover.

"3. There is no evidence that the plaintiff was in the exercise of due care.

"4. There is no evidence that the defendants, or their servant or agent, were negligent.

"5. There is no evidence that the person operating the automobile at the time of the accident was in the employ of these defendants.

"6. There is no evidence that the person operating the automobile was acting within the scope of his employment.

"7. On all the evidence it appears that the person operating the automobile was not in the employ of these defendants.

"8. On all the evidence it appears that the person operating the automobile was not acting within the scope of his employment.

"9. On all the evidence it clearly appears that the person operating the automobile was in the employ of the Lawrence and Stanley Company, a corporation duly established by law."

The judge refused to make any of these rulings and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $300. The defendants alleged exceptions.

*C. S. Knowles*, for the defendants.

*H. A. Mintz*, for the plaintiff.

CARROLL, J. On August 21, 1912, the plaintiff was struck by a motor car owned by one O'Brien and driven by Kulda, an employee of the defendants, at the intersection of Columbia Road and Devon Street in Dorchester. The plaintiff was then about fifteen years of age. At the time of the accident and for half an hour previously, he, with four other children, was playing "puss in the corner." Trees on the side of the street were used as goals. One of the trees was at the southwesterly corner of Devon Street and Columbia Road, another was directly opposite on the "grass plot occupied by the rails of the railroad." Just before he was struck the plaintiff was at one of these trees, the evidence of the defendants tending to show he was near the tree on the sidewalk, the plaintiff's evidence tending to show he was near the tree on the grass plot.

The motor car had been in the defendants' garage for the purpose of being repaired. It was running westerly along Columbia Road at the rate of ten to sixteen miles an hour; no horn was blown as it approached the corner of Devon Street. The plaintiff and another boy started at the same time and both ran into the street. According to the defendants' witness, the plaintiff ran directly into the forward part of the motor car and was not run over; the witness for the plaintiff testified he was thrown forward

by the front of the machine and then run over. There was testimony that the "game was played with no order or system, except signals from one boy to another, but that each ran where and as he pleased and that each ran as fast as he could, and the purpose of the game was to reach one of the goals before it was occupied by the 'puss.'" There was an unobstructed view of the motor car for four hundred feet.

The plaintiff did not testify. It was his contention that, because of the injuries, he had no recollection of the way in which the accident happened. Two witnesses testified that at the time of the accident "they were looking out for automobiles," and just before the plaintiff started to run across the street he "looked both ways."

As the machine left the defendants' garage, Kulda, a laborer employed by the defendants, was sitting in the front seat but not behind the wheel. Grosier, the owner's chauffeur, was standing near the car. To him the defendants' superintendent said, "Don't let Kulda take the wheel." Kulda was not licensed to operate an automobile and never had operated one with the knowledge of the defendants or their superintendent. Grosier started the machine and after proceeding a short distance changed places with Kulda who took the wheel. Kulda did this so as to "acquire a knowledge of the operation of automobiles and to operate them a certain number of miles for the purpose of getting a license," although in testing the machine he could better determine its condition by running it himself.

There was no evidence that the plaintiff was in the exercise of due care. In running across the street "as fast as he could" to reach the opposite goal before it was occupied, he was using the highway as a playground; and he made no effort to avoid the motor car or to save himself from harm. Taking the evidence in the light most favorable to the plaintiff, all that he did was to "look both ways" before starting to run across. That is not enough to show the use of the care required of a boy of his years, under the circumstances disclosed. There was nothing to prevent his seeing the motor car for four hundred feet, if he looked, and to run at full speed across the public highway while engaged in play, without looking or using some precaution to avoid a visible danger, is a plain neglect to use proper care, and as matter of law

prevents recovery.  *Gleason* v. *Smith*, 180 Mass. 6.  *Russo* v. *Charles S. Brown Co.* 198 Mass. 473.  *Kyle* v. *Boston Elevated Railway*, 215 Mass. 260.  *Godfrey* v. *Boston Elevated Railway*, 215 Mass. 432.  *Mills* v. *Powers*, 216 Mass. 36.

As the plaintiff was not in the exercise of due care and cannot recover, it is unnecessary to consider whether Kulda in driving the car was acting within the scope of his employment.

> *Exceptions sustained.*
> *Judgment for the defendants under St. 1909, c. 236.*