MARGARET O'KEEFE *vs.* UNITED MOTORS SERVICE, INCORPORATED.

Suffolk.   November 19, 1925. — November 23, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence*, Contributory, In use of highway, Motor vehicle.

The mere fact, that testimony of a plaintiff in an action of tort for personal injuries was contradictory on the question of his due care, does not warrant the ordering of a verdict for the defendant if a belief of some of his testimony would warrant a finding in his favor on that question.

Evidence at the trial of an action by a pedestrian for personal injuries received when, as he was crossing a street, he was run into by a motor truck driven by an employee of the defendant, that the plaintiff looked before crossing the street and saw no vehicle approaching nearby, that the street was slippery and slushy, and that the truck approached on its left hand side of the street at the rate of thirty miles per hour and struck the plaintiff when he had proceeded about twelve feet from the curb, warrants a finding of due care on the part of the plaintiff and of negligence on the part of the driver of the truck.

TORT for personal injuries received when the plaintiff, as she was crossing Boylston Street near Charlesgate East in Boston, was run into by a motor truck of the defendant. Writ dated January 17, 1923.

In the Superior Court, the action was tried before *Cox*, J. Material evidence is described in the opinion.   At the close of the evidence, the defendant moved that a verdict be ordered in its favor.   The motion was denied.   There was a verdict for the plaintiff in the sum of $3,500.   The defendant alleged exceptions.

*E. J. Sullivan*, for the defendant.

*J. W. Black, Jr.*, & *M. M. Johnson*, for the plaintiff.

BY THE COURT.   This is an action to recover compensation for personal injuries sustained by a pedestrian upon a

public way through being struck by a motor truck admittedly operated by a servant of the defendant acting within the scope of his authority. The accident occurred at about a quarter past six on March 4, 1922, on a busy street in Boston. The street was slippery and slushy, and it was raining. The plaintiff testified in substance that before leaving the sidewalk she looked both ways on the street for motor vehicles and, not seeing any nearby, started across and was struck. Other evidence tended to show that the truck of the defendant, being driven at the rate of thirty miles an hour on its left side of the street, struck the plaintiff when she had advanced from the curb into the street about twelve feet. It could not have been ruled on all the evidence that the plaintiff was not in the exercise of due care. Whether her evidence was so contradictory as to be unworthy of credit, was for the jury. *Gauthier* v. *Quick*, 250 Mass. 258. *Newman* v. *Hill*, 250 Mass. 578. *Kaminski* v. *Fournier*, 235 Mass. 51.

The speed of the truck, its position on the street, and all the other evidence in its aspect most favorable to the plaintiff, required submitting to the jury the question of the negligence of the defendant. *Pawloski* v. *Hess, ante,* 478, and cases there collected. *Emery* v. *Miller*, 231 Mass. 243. G. L. c. 90, § 14. The mere happening of the accident was no evidence of negligence. *Reardon* v. *Boston Elevated Railway*, 247 Mass. 124. There was much more than that in the case at bar. The case is distinguishable from *Rizzittelli* v. *Vestine*, 246 Mass. 391, and similar decisions relied on by the defendant.

*Exceptions overruled.*