SALVATORE PONTICELLI *vs.* FRANK CATALDO.

Suffolk.     January 19, 1926. — May 24, 1926.

Present: PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Contributory, In use of highway.

At the trial of an action by a boy nine years of age for injuries alleged to have been caused by his being run over by a motor vehicle operated by the defendant on a public way, there was evidence for the plaintiff that, having looked and listened to learn if any motor vehicle was approaching and having neither seen nor heard one, he left the curb at a slow trot or

slow run to cross the street, which was about thirty-five feet wide, and had proceeded about half way across when he was struck by the defendant's motor vehicle; that when the plaintiff left the curb, the defendant's motor vehicle was "at" a street about four hundred and fifty feet distant; that no sound of a horn was heard; and that the defendant's rate of speed was "a little slower than the [electric street] car that goes over the Lynn marsh," which, it was testified, ran at the rate of thirty-five to forty miles per hour. Evidence of the defendant tended to show that the plaintiff ran into the street when the defendant was four or five feet distant and that the accident could not have been avoided by the defendant. The judge charged the jury that if the defendant's motor vehicle was four or five feet from the plaintiff when he stepped from the curb, he could not recover. There was a verdict for the plaintiff. *Held,* that

(1) The questions, whether the defendant was negligent and whether negligence of the plaintiff contributed to the injury, were for the jury;

(2) The jury must have found that the defendant's automobile was not within four or five feet of the plaintiff when he left the curb;

(3) From the record it could not be determined where the jury placed the defendant when the plaintiff left the curb, but if they placed him at any place farther than four or five feet from the defendant's car, there was evidence from which as a matter of law the jury would have been warranted in finding both negligence on the part of the defendant and due care on the part of the plaintiff.

TORT for personal injuries alleged to have been received when the plaintiff, a week less than nine years of age, was crossing Revere Street in Revere and was run into by a motor vehicle owned and alleged to have been negligently operated by the defendant. Writ dated May 1, 1922.

In the Superior Court, the action was tried before *Cox,* J. It appeared that the place of the accident was near the intersection of Oxford Park with Revere Street. The plaintiff testified that, after looking to see if any motor vehicle were coming and seeing none and hearing no horn, he started at a slow trot or a slow run to cross Revere Street and, when about half way across, was struck by the defendant's motor vehicle which approached from his left. Revere Street was about thirty-five feet wide. A witness for the plaintiff who saw the accident testified that as the plaintiff left the curbstone the automobile was "at Pomona Street," which measurements placed about four hundred and fifty feet distant, and that it was proceeding "a little slower than the [electric street] car that goes over the Lynn marsh," and

that he heard no horn. Other evidence for the plaintiff was to the effect that the customary rate of speed of the electric street car going over the Lynn marsh was thirty-five to forty miles per hour. One witness for the plaintiff and witnesses for the defendant testified that the plaintiff ran from the curb when the defendant's car was at Oxford Park, four or five feet distant from him, and that before the defendant could stop the motor vehicle, which was proceeding at the rate of eight to ten miles per hour, the plaintiff ran into the defendant's right front mudguard.

At the close of the evidence, the defendant moved for a verdict in his favor. The motion was denied. The defendant then asked, among others, for the following rulings:

"1. There is no evidence that the defendant was negligent.

"2. On the evidence most favorable to the plaintiff, the only rational inference to be drawn is that his own lack of reasonable care contributed to his injury.

"3. There is no evidence that the defendant was operating his automobile at an unreasonable rate of speed."

"6. There is no evidence that the front of the defendant's automobile struck the plaintiff.

"7. If the jury find that the plaintiff ran into the side of the defendant's automobile, their verdict must be for the defendant.

"8. On the plaintiff's own testimony he cannot be found to have been in the exercise of due care."

"15. If the defendant's automobile was in plain and unobstructed view of the plaintiff from the time he left the sidewalk, and the plaintiff either failed to look or failed to see the automobile before coming in contact with it, the plaintiff was guilty of contributory negligence."

"18. Upon all the evidence the plaintiff is not entitled to recover."

The above rulings were refused. Material portions of the charge to the jury are described in the opinion. The jury found for the plaintiff in the sum of $2,500. The defendant alleged exceptions.

*E. Field,* for the defendant.

*D. J. Lyne,* (*L. J. Gilbride* with him,) for the plaintiff.

WAIT, J. The exceptions in this case must be overruled. Those taken to the admission of evidence were waived.

There was contradictory evidence in regard to the speed of the defendant's automobile, and in regard to the position of that automobile and of the plaintiff at the moment of his leaving the sidewalk "to trot" across the street. The jury were instructed that if the car "was within four or five feet or was at Oxford Park when this boy stepped from that curbing, then he was not in the exercise of due care . . . . If, looking and not seeing the car at that place, he then walked or ran across that street and was struck by this car, his fault is partly responsible for his injuries, and he cannot recover, and I give that to you as a matter of law." We must assume that the jury followed the judge's instruction, and, consequently, that they must have found that the car was not at Oxford Park or within four or five feet of the plaintiff when he started across the street.

We cannot say at what place they did locate it; but if at any other than the position specified in the instruction, there was evidence from which, as matter of law, the jury might have found both negligence and due care.

The judge could not have taken the case from the jury. He was not bound to give the requests for instructions in the words of the prayers. The instructions actually given covered fully all of the requests to which the defendant was entitled. We find no error in the parts of the charge to which exception was taken. *O'Keefe* v. *United Motors Service, Inc.* 253 Mass. 603.

*Exceptions overruled.*