ANNIE JACKMAN, administratrix, *vs.* WILLIAM O'HARA.

Worcester.    September 27, 1932. — October 26, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Negligence*, Contributory, In use of way.

A verdict rightly was ordered for the defendant in an action of tort by an administrator to recover for conscious suffering and the death of his intestate, a high school boy nearly twelve years of age, who was run over by a motor truck of the defendant, where the plaintiff's evidence established that the boy, being told by a policeman to "get out of" a yard where with companions he had been trespassing, ran fast upon a public way and was struck by the right rear wheel of the defendant's truck, the conclusion being necessary on the evidence that the boy exercised for his safety neither the care required of an adult nor that required of a child with the presumed mentality of a high school student.

TORT.    Writ dated December 20, 1928.

In the Superior Court, the action was tried before *J. J. Burns*, J.    Material evidence is described in the opinion. The judge ordered a verdict for the defendant.    The plaintiff alleged exceptions.

*John J. Moynihan*, for the plaintiff.

*A. Donahue*, for the defendant, submitted a brief.

PIERCE, J.    This is an action of tort wherein the plaintiff, as administratrix of the estate of Francis W. Burns, seeks to recover damages for the conscious suffering and death sus-

tained by her intestate on September 10, 1928, on Main Street, Worcester, which she alleges were due to the negligent and careless operation of a motor vehicle driven by the defendant. The case was tried to a jury. All the evidence material to the issue raised by the bill of exceptions is contained therein. At the close of the evidence the defendant moved that the judge direct a verdict for the defendant. This motion was allowed, the jury returned a verdict for the defendant, and the case is before this court on the exceptions of the plaintiff duly saved to said direction.

The facts as the jury might find were substantially as follows: At the time of the accident the intestate was nearly twelve years old and was a student in a local high school. Shortly before the accident he left the school building with a group of boys, walked down the east side of Main Street, then, with two boys, named Lunney and Maloney, crossed over to the west sidewalk and walked on that side until he came to an antique shop near the corner of Main and Lucian streets. Uninvited, the boys decided to go into the yard of the shop for the purpose of getting some crab apples. While they were there a police officer came to the door of the shop and yelled to them to "get out of there." They ran out of the yard to the sidewalk in the order of Lunney, then Maloney, and then the intestate. Lunney ran toward Webster Square to a white house which is next to the antique shop. Maloney followed him. The intestate ran fast as he left the sidewalk, and was hit by a truck that was passing from his left almost opposite where the intestate left the sidewalk. He was struck by the right back wheel and was run over. He was not hit by the front part of the truck. There was no evidence as to whether the intestate looked to the right or left at any time between the accident and his leaving the sidewalk.

There was evidence that the driver of the truck sounded the horn; that the course of the truck was changed when the intestate left the sidewalk — it swerved toward the left and before it swerved it had been driven with the left wheels in the car track and the right wheels on the travelled part of the road; that the truck was a little below Lucian Street which

is about thirty-five yards from the place where the intestate left the sidewalk; that the truck was a five-ton truck, about six yards long, and was equipped with a foot brake and an emergency brake; that it was driven down hill at the rate of twenty to twenty-five miles an hour; that the view of the driver was unobstructed; that he was watching "to see that nobody was coming to run off or anything like that"; that "he saw the boys coming out; that the front of his truck was right about even with the Burns boy when he saw the Burns boy leave the sidewalk" and run from the curbing. The driver testified: "If I tried to stop right then, I probably would have hit him with the front of the truck." There was further evidence that the truck travelled a distance of thirty feet after the intestate was struck.

On the above evidence, we are of opinion that the verdict for the defendant must stand for the reason that, as matter of law, the intestate was negligent and such negligence was a contributory cause of his injury. This conclusion is necessitated by the testimony of witnesses for both the plaintiff and the defendant, wherein it appears indisputably that the intestate, while running from the sidewalk into the street in an effort to escape from the police, exercised for his safety neither the care required of an adult nor that required of a child with the presumed mentality of a high school student. *Swetzoff* v. *O'Brien,* 226 Mass. 438. *Sullivan* v. *Chadwick,* 236 Mass. 130. *Murphy* v. *Boston Elevated Railway,* 262 Mass. 485.

*Exceptions overruled.*