PHILIP BOULEY & another *vs.* EVERETT E. MILLER.

Middlesex.    January 6, 7, 1948. — February 4, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILLIAMS, JJ.

*Negligence,* Due care of person in charge of child, Use of way, Motor vehicle.

Evidence of the circumstances in which in 1944 a child three and one half years of age was struck by an automobile while he, accompanying his mother, two other children in baby carriages, a fourth child, and a friend, was crossing a street in plain view of the operator of the automobile, warranted findings that the mother as the injured child's custodian exercised due care for his safety and that the operator was negligent.

TORT.    Writ in the Superior Court dated September 2, 1944.

The action was tried before *Dowd,* J.

*F. Howard,* for the defendant.

*E. T. Simoneau,* for the plaintiff.

WILLIAMS, J.    This is an action of tort by Philip Bouley, a child of three and a half years, to recover compensation for personal injuries received in an automobile accident on Main Street in the town of Hudson in the afternoon of June 16, 1944. His father, Armand G. Bouley, joined as a plaintiff, seeks consequential damages. The jury returned verdicts for both plaintiffs, and the defendant, who rested at the conclusion of the plaintiffs' evidence, has excepted to the denial of his motions for directed verdicts.

The jury could have found the following facts. Main Street runs east and west, its travelled part being of tar and concrete thirty-five feet in width. Mrs. Bouley, the mother of Philip, was crossing this street from south to north with her four small children. She was pushing a baby carriage in which was a younger child, and Philip was walking at her right holding to the handle of the carriage. Walking ahead of her and somewhat to her left was a friend, Barbara Benway, accompanied by a third Bouley child, and pushing a second baby carriage in which was another Bouley baby. Before crossing, Mrs. Bouley looked to the right and also to the left, or west, in which direction she could see some two hundred feet. She saw no automobiles or other vehicles approaching in either direction. As she reached approximately the center of the street, she noticed that Philip was missing. Turning, she saw him on the ground behind her, having been struck by an automobile operated by the defendant. She had been looking straight ahead and until then was not aware that Philip had released his hold on the handle. Meanwhile Miss Benway had reached the northerly curb of the street and had seen the automobile strike Philip. Mrs. Bouley, at that time, was five feet north of the center of the street and Philip was five feet behind her. Miss Benway first saw the automobile when it was two feet from Philip. The boy was struck by the bumper and thrown four or five feet. A screech of brakes was heard by another witness.

It is conceded by the plaintiffs and the defendant that Philip was incapable of exercising care for his own safety. The defendant contends that as a matter of law there was no evidence warranting a finding that Mrs. Bouley as custodian of her child at the time exercised due care for his safety, and that there was no evidence which would warrant a jury in finding negligence on the part of the defendant. The plaintiffs had the burden of proving due care on the part of the custodian of the child.[1] *Garabedian* v. *Worcester Consolidated Street Railway*, 225 Mass. 65. *Stachowicz* v. *Matera*, 257 Mass. 283. It could not have been ruled by the judge

---

[1] See now G. L. (Ter. Ed.) c. 231, § 85D, inserted by St. 1945, c. 352, § 1.

that Mrs. Bouley did not exercise such care. When she left the southerly side of the street, Philip was close beside her holding to the handle of the baby carriage. While she did not notice him again until the time of the accident, she was crossing a relatively wide street with four young children, and her conduct in continuing to look ahead in the general direction of the other baby carriage could have been found reasonable. *Gauthier* v. *Quick,* 250 Mass. 258. There was no substantial abandonment by her of her duty to Philip. At most, there was a temporary diversion of her attention. *DeFuria* v. *Mooney,* 280 Mass. 447. *Shear* v. *Rogoff,* 288 Mass. 357. *Charette* v. *Burke,* 300 Mass. 278.

A more difficult problem relates to the defendant's negligence. There was no evidence as to the conduct of Philip immediately before the collision and, as to the course of the defendant's automobile, it was shown only that it was coming from a westerly direction approximately in the center of the street and that it struck the boy after a sudden application of brakes as evidenced by the "screech." There was no testimony to its speed. To the driver of the approaching automobile the group of pedestrians crossing the street from his right toward his left must have been clearly in view. If the minor plaintiff, having previously relinquished his hold on the carriage, was following his mother, he would have been in plain sight. If he continued to walk beside his mother and turned back, it was for the jury to determine whether the defendant saw or should have seen the child and, in anticipation of probable conduct on the child's part, was negligent in pursuing a course so closely behind the child and his mother. *Clark* v. *Blair,* 217 Mass. 179. *Leonard* v. *Fowle,* 255 Mass. 531. *Linnane* v. *Millman,* 261 Mass. 491. *Stacy* v. *Dorchester Awning Co. Inc.* 290 Mass. 356. *Capano* v. *Melchionno,* 297 Mass. 1. A verdict based on such a finding would not depend on surmise or conjecture. *Clark* v. *C. E. Fay Co.* 281 Mass. 240. There were sufficient facts in evidence to warrant a rational inference as to the defendant's conduct. *Pond* v. *Somes,* 302 Mass. 587. *Eaton* v. *S. S. Pierce Co.* 288 Mass. 323.          *Exceptions overruled.*