RICHARD F. DeLEO & another *vs.* PHILIP W. JEFFERSON.

Middlesex.    March 2, 3, 1954. — April 6, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Negligence*, Motor vehicle.

Evidence of the manner in which the operator of an automobile, with no
traffic ahead and with unobstructed vision, was operating it when it
struck a boy after dark on a wide, straight street, and warranting a
finding that the boy was crossing the street from the operator's left
when struck, would have justified a finding of negligence on the part
of the operator.

TORT.    Writ in the First District Court of Southern
Middlesex dated February 6, 1950.

Upon removal to the Superior Court, the action was tried
before *Murray, J.*

*Russell J. Coffin,* for the plaintiffs.

*Christopher W. Sloane, (Joseph J. Walsh* with him,) for
the defendant.

RONAN, J.    The plaintiffs excepted to the direction of
verdicts for the defendant in this action of tort brought by
a minor and his father to recover damages resulting from
an accident which occurred about 5 P.M. on December 17,
1949, when the minor was struck by an automobile operated
by the defendant on Union Avenue in Framingham.

Union Avenue runs east and west and is 50 feet wide
from curb to curb.    Otis Street intersects the southerly side
of Union Avenue about opposite Eden Street which enters
the northerly side of Union Avenue.    The defendant was
travelling westerly along the avenue at the rate of 25 miles
an hour with his right wheels 3 or 4 feet from the curb of
the northerly sidewalk.    The headlights of his automobile
were on and showed the road ahead for 200 to 300 feet and
fanned out 3 or 4 feet on each side.    The avenue was straight
for one half a mile in the direction from which he came.

There was no traffic ahead of him and nothing to obstruct his view as he approached the place of the accident. The first he knew of the accident was hearing a thud which came from the right front fender. He did not see anyone in front of his automobile either before or after he heard the thud. He stopped his automobile and picked up the minor plaintiff who was lying about 3 feet out into the street, opposite a mail box which was on the northerly side of the avenue, near the curbing and 4 or 5 feet from the westerly side of Eden Street.

The minor plaintiff, hereinafter referred to as the plaintiff, was between 7 and 8 years of age. He had been to a moving picture theatre and was travelling westerly along the southerly sidewalk of the avenue, intending to go to his grandmother's house which was located on the easterly side of Eden Street, a short distance from the avenue. He received a head injury at the time of the accident, and the last thing previous to the accident that he remembered was stopping upon the southerly sidewalk to look at some photographs which were exhibited on a stand by the sidewalk in front of a studio a little over 800 feet easterly from the place of the accident. Besides a head injury, he also sustained a bruise to his right hip.

The defendant does not contend that the plaintiff was guilty of contributory negligence and the only question argued by the defendant is that there was no evidence of any negligence on his part. The jury saw and heard the plaintiff testify. The plaintiffs were entitled to have the jury consider the evidence in the light most favorable to them. The jury could accept as true his testimony that he intended to go to his grandmother's as he travelled along the southerly sidewalk of the avenue in the direction of her house. They could find that that intention continued up to the time of the accident. *Commonwealth* v. *Billings,* 97 Mass. 405. *Commonwealth* v. *Dearborn,* 109 Mass. 368, 370. *Callan* v. *Callan,* 280 Mass. 37, 41. *Galdston* v. *McCarthy,* 302 Mass. 36, 37. *Conroy* v. *Fall River Herald News Publishing Co.* 306 Mass. 488, 493.

He was staying with his grandmother. It was not unusual to expect that a boy of his age, travelling alone and therefore not influenced by any plans of his companions, would return home at that hour of the afternoon. But to arrive there it was necessary to cross the avenue. The normal course of his journey was to cross at Eden Street. The jury could also consider the bruise on his right hip in determining the direction he was travelling when struck, and find that he was pursuing his intended course and was crossing the avenue at the time of the accident even if he may have then deviated a few feet to the west of Eden Street. *Cook* v. *Moore,* 11 Cush. 213, 217. *Commonwealth* v. *Trefethen,* 157 Mass. 180, 185. *Inness* v. *Boston, Revere Beach, & Lynn Railroad,* 168 Mass. 433, 434–435. *Gould* v. *Kramer,* 253 Mass. 433, 438. *Commonwealth* v. *Rubin,* 318 Mass. 587, 589.

We think the negligence of the defendant as shown by the evidence presented a question of fact which should have been submitted to the jury. *D'Ambrosia* v. *Brest,* 302 Mass. 316. *Morton* v. *Dobson,* 307 Mass. 394, 398.

In *Murphy* v. *Boston & Maine Railroad,* 319 Mass. 413, we held that the jury would have a right to infer that the intestate, in accordance with an intention expressed shortly before, was travelling along an unguarded, unlighted catwalk which was the usual course to take to resume his employment, when he fell into a river and drowned. The instant case is stronger than the case cited, even if it involved the Federal standard of submitting a case to a jury, for in the latter case the negligence of the defendant consisted of the dangerous condition of its premises and the causal connection between this condition and the death rested entirely upon circumstantial evidence. In the case at bar, it is undisputed that the plaintiff was injured by being struck by the operation of the defendant's automobile, and, the manner of its operation being fully disclosed in the testimony, a jury could rightfully come to the conclusion that the defendant was negligent. The instant case is also stronger than *Barow* v. *Modoono,* 325 Mass.

522, which involved a head on collision of two automobiles. The plaintiff's intestate, the operator of one automobile, was killed, and the only other eyewitness, the defendant, the driver of the other automobile, remembered nothing about the accident. We held that from the position of the automobiles after the accident, the extent of the damage sustained by the front of each automobile, the topographical characteristics of the vicinity, and especially the view each operator had as he approached the other automobile, the jury could properly find that the collision was due to the negligence of the defendant. Here the conduct of the defendant leading up to the accident was shown by the evidence.

There is much more in this case than there was in *Jabbour* v. *Central Construction Co.* 238 Mass. 453, and *Nager* v. *Reid,* 240 Mass. 211, upon which the defendant relies.

*Exceptions sustained.*