RAYMOND MASON & another *vs.* BERNARD E. STEINMETZ.

Worcester. March 9, 1955. — April 29, 1955.

Present: QUA, C.J., RONAN, WILKINS, & WILLIAMS, JJ.

*Negligence,* Motor vehicle, In use of way, Contributory, Due care of child.

Evidence warranted findings that the front of an automobile proceeding on a city street struck a five and one half year old boy crossing the street from the sidewalk at the operator's right and that the operator was negligent, and did not require a ruling that the boy failed to exercise the care for his own safety to be expected of him.

TORT. Writ in the Superior Court dated December 14, 1949.

The action was tried before *O'Brien,* J.

*Frank P. Ryan,* for the defendant, submitted a brief.

*Lawrence H. Fisher,* for the plaintiffs.

WILLIAMS, J. This is an action of tort by a minor to recover for personal injuries received in the afternoon of October 6, 1949, when struck by an automobile operated by the defendant on Piedmont Street in Worcester. The mother of the child joins as plaintiff to recover for her consequential damage. There were verdicts for the plaintiffs, and the case comes to us on the defendant's exceptions to the denial of his motions for directed verdicts.

There was evidence that Piedmont Street was thirty feet wide; that there was a pedestrian walk across the street at or near the place of the accident; and that one or more automobiles were parked to the right of the defendant as he proceeded. Raymond Mason, whom we will refer to as the plaintiff, at the time of the accident was five and one half years old. He testified that he was playing with other children on the sidewalk on Piedmont Street and started to cross the street to see a boy who was on the other side. He looked in both directions and did not see the automobile. He crossed where there were white lines on the road and was struck by the front part of the automobile. A girl somewhat younger than the plaintiff testified that he was not running and was struck by the front part of the automobile. In addition to minor injuries he received a fracture of his left thigh bone. The defendant testified that he saw children playing on the sidewalk to his right; that his speed was from ten to fifteen miles per hour; and that he did not see the plaintiff, but heard a "thump" at the right rear of his automobile. He presented evidence from other witnesses that the plaintiff ran into the street from the sidewalk on the right while being chased by a little girl.

It is not a case where the movements of the plaintiff immediately preceding the collision are left to conjecture. His evidence and that of the girl could not be disregarded al-

though the extreme youth of the witnesses might affect the weight to be given it. That the plaintiff was struck by some part of the front of the automobile while coming from its right finds some support in the nature of the injury to his left leg. It could be found that in crossing the street he exercised the care reasonably to be expected of a boy of his age and that the defendant was negligent either in not seeing him or, if he did see him, in not avoiding the collision. The èvidence was properly submitted to the jury. See *Boni* v. *Goldstein,* 276 Mass. 372, 376; *Stacy* v. *Dorchester Awning Co. Inc.* 290 Mass. 356; *Fitzgerald* v. *Brennan,* 291 Mass. 179.

*Exceptions overruled.*