*Western District*

S.C. #111899

D.C. #66 T 558

**DANIEL ARCHAMBAULT,** ppa

and

**MARCEL ARCHAMBAULT**

**v.**

**WILLIAM O. HENSCHKE**

</div>

Argued: Oct. 3, 1967   Decided: Nov. 10, 1967

*Present:* Garvey, P.J., Moore and Allen, J.J.

Tried to: *Walsh, J.* in the District Court of Springfield.

S.C. #111899    D.C. # 66 T 558

*Garvey, P.J.*    This motor tort action was transferred to the District Court for trial.

*G.L. c. 231, § 102c.* The minor plaintiff (plaintiff) sues to recover damages for personal injuries received in a motor vehicle accident and his father for consequential damages and damage to a bicycle. After a trial there was a finding for the plaintiffs and the defendant claimed a report.

The judge made the following special findings of fact:

> "Upon all the evidence, I find that the defendant motorist was negligent and that his negligence caused the accident. I also find that the boy plaintiff exercised the care and prudence required of a person of his age and experience and that he was not contributorially negligent."

The defendant claims to be aggrieved by the judge's denial of his requests for rulings of law (a) that the evidence did not warrant a finding that the defendant was negligent and (b) the plaintiff was contributorially negligent as a matter of law.

We summarize from the reported evidence that which is most favorable to the plaintiff. About 3:50 P.M. on February 29, 1964, a clear, dry day, the plaintiff was riding his bicycle on Route 5, a public way in West Springfield, Massachusetts. Route 5, at the place of the accident, is a divided highway, running in a northerly and southerly direction. The two north bound traffic lanes were each about 15 feet in width and were separated by broken white

lines and on the easterly side was a narrower breakdown lane separated by a solid white line.

The plaintiff and four other boys with their bicycles entered Route 5 at the South End Bridge and proceeded northerly walking their bicycles, using for the most part the grass area on the easterly side. Two of the boys left the group. When plaintiff and the two other boys reached a point about a thousand feet south of the Memorial Bridge they decided to cross the highway and proceed southerly. One of the boys crossed. When the plaintiff was at the divider he was struck by the front left of a motor vehicle operated by the defendant. He was thrown in the air, his body striking and cracking the left side of the defendant's windshield and breaking the exterior left side rear view mirror. He came to rest in the passing lane of the southbound traffic.

The defendant, accompanied by his wife, was travelling in a northerly direction in the westerly lane (passing lane) at a speed of approximately forty-five miles per hour. To his right and in front of him in the easterly lane (travel lane) there was a truck travelling in the same direction. He did not see the boys on the easterly side of the way. When he noticed the truck start to slow down he noticed, for the first time, the plaintiff riding his bicycle about forty to forty-five feet in front of him entering his lane of travel. He applied his brakes when his car was about 12 feet from the point

of the collision. It travelled beyond that point a car length and one-half before coming to a stop. He did not blow his horn. The impact was to the left side of the front of his vehicle. He did not recall any traffic within 300 feet ahead of him prior to the accident and did not see the other boy cross the way. His car was abreast of the truck when it struck the plaintiff.

The operator of the truck observed two boys when he was two to three hundred feet from them on the easterly side of the way and saw the plaintiff start to cross to the westerly side. He applied his brakes and his truck started to slow down.

The plaintiff "testified on direct examination that. . . . .he was born on August 10, 1952 . . . .that on the afternoon of February 29, 1964, he and four other boys had left their homes with bicycles and crossed the Connecticut River at the South End Bridge and proceeded northerly on Route 5; that they used mostly the grass area on the easterly side of the road and not the road; two of the boys went home; one of the boys named Tommy had crossed to the westerly side of Route 5 before he had started to cross; that he looked southerly, saw nothing and then started to cross the northbound traffic lanes of Route 5 on his bicycle; that he was almost across with his front wheel at the divider between the north and southbound traffic lanes when he was struck at the

back wheels; that Tommy had crossed about a minute ahead of him; that he saw cars when he first started to cross one hundred yards away; that he did not see any cars any closer than that. On cross-examination he testified that he did state on direct examination that before he had started to cross he had looked southerly and saw nothing; that regardless of what else he had said about seeing cars, the truth was that he saw nothing.''

The plaintiff was observed by the operators of three other motor vehicles travelling in the same direction as the defendant when they were some three hundred feet from the place where the plaintiff started to cross the way. It could have been found the defendant had an unobstructed view of 300 feet and saw, or should have seen, the plaintiff before and at the time he started to cross the way and that his failure to slow down when ''approaching . . . . .a person on a bicycle'' was a violation of G.L. c. 90, § 14 and a contributing cause of the accident. The following citations support this view. *DeLeo* v. *Jefferson,* 331 Mass. 317; *Mason* v. *Steinmetz,* 332 Mass. 575; *Bouley* v. *Miller,* 322 Mass. 369; *Bartley* v. *Almeida,* 322 Mass. 104; *DeFrancisco* v. *Heath,* 306 Mass. 527; *Margeson* v. *Town Taxi, Inc.,* 266 Mass. 192, 194; *Leonard* v. *Fowle,* 255 Mass. 531; *Ponticelli* v. *Catadlo,* 255 Mass. 473.

The plaintiff was eleven years old at the time of the accident and is charged with exer-

cising the care of an ordinary, prudent child of his age under like circumstances. *Ducas* v. *Prince,* 336 Mass. 555, 557. *Sadak* v. *Tucker,* 310 Mass. 153, 157. *Fayard* v. *Morrissey,* 281 Mass. 166.

Contributory negligence, if any, was an affirmative defence and the burden of proving it rested upon the defendant. G.L. c. 231, § 85. *Pond* v. *Somes,* 302 Mass. 587, 590.

The defendant argues that the plaintiff adhering to his testimony "that he saw nothing" before he started to cross the way is guilty of contributory negligence as a matter of law and cites *Jackman* v. *O'Hara,* 280 Mass. 496, 498 and *Swetzoff* v. *O'Brien,* 226 Mass. 438, 440 in support of this contention.

In the *Jackman case* the plaintiff, age 11, in an effort to escape from the police ran fast from a sidewalk into the right rear wheel of the defendant's truck. In the *Swetzoff case* the plaintiff, age 15, playing a game with other boys, ran at full speed against a passing motor car. The facts in the case under consideration are materially different.

Considering the plaintiff's testimony that he "saw nothing" when he looked to his left before crossing as binding on him we do not think that it foreclosed the trial judge, upon consideration of all of the evidence, from finding the plaintiff was in the exercise of due care. In *DuBois* v. *Powdrell,* 271 Mass. 394, it was held that an eight year old child was not guilty

of contributory negligence as a matter of law when struck by a motorist as she walked quickly across a way "looking straight ahead" and had she looked to her right she could have seen the defendant's automobile. See also *Bartlett* v. *Almeida*, 322 Mass. 104. *Clouatre* v. *Lees*, 321 Mass. 679. *Mazzaferro* v. *Dupuis*, 321 Mass. 718. *Campbell* v. *Ashler*, 320 Mass. 475. *Sarmento* v. *Vance*, 231 Mass. 310. *Angelary* v. *Springfield Street Railway Company*, 213 Mass. 110. *Howard* v. *Holman*, 203 Mass. 445. *DiRienzo* v. *Goldfarb*, 257 Mass. 272.

There was no error. **The report is ordered dismissed.**

ROBERT H. DORAN

of Holyoke for the defendant.

FIELDMAN & GRUSKIN

of Springfield for the plaintiff.